*413 OPINION of the Court, by
Judge Owsj,ey.
Tobe relieved from a judgment obtained in an action of covenant brought by Ficklin against the plaintiffs in error, they exhibited their bill in equity, alleging that neither of them were present when the judgment was had against them: that if they had been at the trial, they could have shown the payment of the whole, or nearly the whole demand; and as an apology for failing to attend the trial, they moreover allege that the plaintiff Scott, to •whomthe management of the suit was confided, some few days before the judgment was obtained, owing to an ^jmposthume or bile,” was thrown into fevers, where *414 by he could not possibly attend the trial with any degree of composure; and after charging an assignment of the judgment by Ficklin to the other defendants, ask for the appropriate relief.
The chancellor has the power to award new trials at law in certain cafes, but it ihould be exer-cifed cautiouily.
Setoff of the whole demand muft be pleaded at law, a partial fetoff is caufe for applying to a court of equi.
To this bill the defendants demurredj and upon argument the court being of opinion the plaintiffs had not shown any just cause for going into a court of equity, sustained the demurrer and dismissed the bill with Costs.
Considering the bill as an application to a court of equity for the purpose of obtaining a new trial of the issues at law, we have no doubt but what the court below properly sustained the demurrer: for although the chancellor, for the attainment of justice, will, under particular circumstances, interpose, by granting a new trial, that power should at all times be cautiously assumed, and in no instance exercised, unless the applicant, from inevitable necessity or causes not within his control, has been prevented from pursuing his remedy in the ordinary and legitimate mode of an application for a new trial to thecourt at law. Such We however suppose is not alleged to be the case in the present instance: for the allegation in the bill, that the plaintiff Scott could not attend with any degree of composure, and upon which a new trial is demanded, so far from showing that the plaintiffs could not have availed themselves of their remedy at law, strongly implies that Scott, although not with perfect convenience, might have attended the trial at law. And besides, from any thing alleged in the hill, Scott, after the judgment, might with perfect composure have attended the court, and during the term applied for a new trial.
As a hill seeking relief on account of the payments alleged to hav e been made to Ficklin, we are also of opinion it cannot be sustained.
If the whole demand was not paid, it will be admitted that upon the principles which govern courts of equity in relation to setoffs, the plaintiff did right in exhibiting his bill for the purpose of obtaining a discount. But in doing so it was certainly essential that by some allegation it should be made to appear but a. part, and not the whole of the demand had been paid: for if full payment was made, as it furnished purely matter for a legal bar, it should have been pleaded to the action at law j and a failure to do so cannot give a right to go into, equity.
*415 Because, therefore, it is not shown that but part of the demand was paid, the plaintiffs have failed to show any necessity for applying to a court of equity, and as such the court below properly sustained the demurrer.
Decree affirmed.