THIS is a writ of error to a decree pronounced in favor of tiie defendants in error, against the plaintiffs, on the 28th of August, 1816. The defendants, in bar of the writ of error, plead, that it was not sued out within three years next after the final decree was rendered.
The plaintiffs reply, that Polly Eppes, one of the plaintiffs, was, at the time the decree was rendered, and still continues to be, a feme covert. To the replication, the defendants demurred, and the question on the demurrer, is, whether the disability.of one of the plaintiffs in error is sufficient to prevent ithoactof limitation from operating as a bar to the writ.
2. The act of the 8th of February 1816, must gov. ern the case. That act, after declaring that no writ of error shall be sued out to reverse any judgment or de. cree thereafter obtained, except within three years next after the judgment or final decree, provides', “ that if any person or persons •entitled to such writ or writs of error as aforesaid, were under twenty, one yeats of age, feme covert, &c. at the time of the rendition of any judgment or decree, every such person, his heirs or legal representatives, may, within two years next at ter their several disabilities are removed, sue out or prosecute any writ of error, notwithstanding three years may have elapsed after the judgment or final decree Was obtained.
This provision is an ex act'copy, mutatis mutandis,oí the saving contained in the general statute of limita lions,* with respect to rights of entry &c. Nor is it susceptible of a different construction; and under the saving in that statute, it was held in the case of Dickey vs. Armstrong, 1 Mar. 39, that the disability of *148 one of several persons having a right of entry Ac. did not prevent the statute from operating as a bar to. an action fountlcd upon such right. That decision, must, therefore, be considered as settling, the construction to be given to the act in question.
The proviso in the ac of 1816. is ma tenally different from the proviso of the act of 1796, cn the same subject
3. It is true, that this court, in Kennedy’s heirs vs. Duncan, Har. rep. 365, held that the disability of one of the plaintiffs in error, would save the right to main, tain the writ, but that was under the act of 1796, which limited the time for bringing a >vrit of error to’ five years, the saving of which, is expressed in language so widely different from that of the saving in, fhe act under consideration, as not to. admit of- the same construction. The decision in that case, therefore, though it should be received as authority in cases arising under the act of 1796. can.be entitled to no, weight, as a precedent, in a case like the present, arising under the act of 1816. it is obvious indeed, that as the legislature has. in the latter act, used different language from that which was used in the former, it was their intention that it should receive a different co.nstructio.n ; and it is only upon, this principle, that the difference o,f the language in the two acts, can he accounted for.
The writ of error, must, therefore, be barred, and the defendants recover their costs.
The following petition for a rehearing was presented :
In this case, the court have barred a writ of error, brought after, three years, because all the persons, plaimiffs, were not under some of the disabilities saved and excepted by the statute, although some of them are within the saving or exception.
The act of 1796. 1 Lilt, p 564, received a construction upon solemn argument in the case of Kennedy’s heirs vs. Duncan, Hardin’s Rep. 365, decided May 1808- This decision was recognized again in Thomas vs. Machir, 4 Bibb, 413, and acted on again in the case of Holder’s heirs vs. Commonwealth, not yet reported. Since 180's it has been considered the settled law of the land, as to writs of error, that the disability of one of the persons necessary with others aa aparty plaintiff, saved the running of the .limitation^ *149 This change of the doctrine of the law and of the court, is founded solely on a difUrence of phraseology of the two stahpe.s, neither obvious nor striking. The stat. ute of 796. after limiting the writ, to five years, uses the expression, “but where a person thinking himself aggrieved by any decree or judgment, &c. shall be an infant, feme covert, non compos mentis, or imprisoned, when the same was passed, the time of such disability shall be excluded from tlie computation.” The act of February 8th. !8I6, uses these expvessions, after limiting the writ to three years : “ Provided, nevertheless. that if any person or persons entitled to such writ or writs of error as aforesaid, were under twenty ..one years of age. feme covert, or of a nonsanc mi mb at the time, of the rendition of any judgment or decree, every snch person. Ms heir or legal representatives, may, within two years next after their several disabilities are removed, sue out or prosecute any writ of error, notwithstanding three years may have elapsed after the judgment or final decree was obtained ”
The difference of expression taken by the court, is between “ any person,” used in the first act, and “ any person or personsused in the !ast act. The court have overlooked the words immediately succeeding, any person or persons ent.it ted to " such writ or writs;” and upon this nice criticism, upon person or persons,” the opinion is founded.
The counsel, with all due respect for the court, and with the-severest self examination, w'ith the «most earnest desire to economize, the time of the court, by for, bearing to urge either argument or petition, where his duty as counsellor will permit him to forbear, (for full well I know the labors of the court are arduous, and, as I believe, more onerous than those imposed on any other appellate tribunal in the Union.] is constrained to declare, that, in his judgment, the criticism is unjust, and entirely too severe, nice and subtile, to sustain so radical a change in the Jaw of the land.
It is an unjust criticism upon the language of the act. “ if any person or persons entitled to such -writ or writs,” are the expressions used. Apply “ person” to “ writ,” and “ persons” to.“ writs,” and the motive of the person who penned the act, is accounted for and explained. But 1 hat this is the sense and intention in which they are used, is rendered plain, by the ex> *150 pressions afterwards, every such person, his heir, after their several disabilities are removed, may sue, &c. Put the plural, “ persons,” to “ his heir,” and the language will not be grammatical j and yet the singular. Ms heir or legal representatives,” is used. Again, the expression is, every such person ; that, is, every person under any one of the disabilities before named ; not that if there should happen to be a plurality of persons bound to perform the judgment or decree, ai! were to be infants, all to be covert, or all to be insane.
The criticism is too nice, also, because it is evident from the act, that it has not been penned with that strict attention to expression and grammatical rules, which would justify a pinching at words. Can a person 01* persons, making but one plaintiff, have two “ writs’' of error on the same judgment or decree l Persons may have writs of error upon separate aiul distinct judgments or decrees. Another instance of the want of that nice attention to grammatical rule, is observable in this : The act is prospective on its face, using the expressions as to judgment or decrees hereafter obtainedyet, afterwards, the expressions are used, “ were under twenty one,” &c. instead of shall he; besides several other confusions, such as (S his” to a feme covert, substantives in the singular with their pronouns in the plural, and vice versa ; w ith the elegant and classical word, “ supersedeases,” to bring tipdiie rear.
The act pr oteases to 'amend the law concerning writs of error; there is no repealing clause; the changes intended, are substantial, and expressed in language which all may understand : 1st, To prohibit, in toto, writs of error on cases of divorce; 2d, to change the limitation, prospectively, from five to three years; Sd, to dr op, in the new act, the exception of persons imprisoned ; 4 th, to limit those under disability to two years after disability removed; 5th, to permit judgments or decrees to be stayed by supersedeas, notwithstanding they were not of the value of fifty dollars. '1'ncse alterations in the former laws, are marked in bold characters, plainly visible, requiring no micro, scope; but that any other changes were intended, I cannot discern,
*151 The act concludes the fifth section with thee&gressions, “ under the rules and regulations as writs ¿r’er, ror and supersedeases are now directed by law.” The legislature knew the construction which had been given to the statute of limitations, since the year 1808,* they knew the construction given to other statutes of limitation. Had they intended to make the alteration supposed by the court, it is but fair to suppose they would have used expressions competent to declare that intention to plain, unsophisticated men, upon whose rights and interests the law was to operate.
There is a reason why the savings of the limitation to writs of error should be indulged. These writs are to correct the errors of courts themselves, appointed by the law ; the decision passes one man’s property to another, without any consideration but the mere sentence of the law; and the very constitution of a court of errors and appeals, declares the fact, that errors are committed by the subordinate courts. The statutes of limitation to writs of error, should be construed in their provisions and savings, like those givirig time to save penalties and forfeitures. .
Judge Johnson, of the supreme court of the United States, told that court, when they were construing a statute by the mere placing a comma here or there or omitting It, and thereby either making a crime punishable with death or not, that he never would put any man to death under that statute, let them determine as they might; for he never could suffer a man’s life to depend upon the tail of a comma. His resolution in that case has been much applauded. To overturn the long-settled doctrine of the court, by a decision which will operate retrospectively, upon so nice and critical a distinction as that taken by the court, upon a statute evidently not penned with punctilious attention to grammatical rule, without meeting or answering the argument in the case of Kennedy’s heirs and Duncan, will no more satisfy an intelligent people, than a retrospective act of the legislature would, not founded on weighty and obvious considerations. The legislature, in this very, act, guard against a retrospective law;. but the decision of the court has all the consequences of retrospective legislation, without any such necessary consequence or compulsive force of expression employed or manifested by it. The deci *152 sion overrules a former decision, and repeals the law of the court, by implication and verbal criticism.
The expression in the act ot 1796, “any person,” is nomen collechvum, embracing not only one, but a plurality of persons, as a party to the writ of error; • yet the court decided that two, of more persons, plaintiffs, saved the rights of all. The word, persons, in this act of 1816, in the manner used, and coupled with the words “ every such person,” his heir,” “ several disabilities,” cannot be more copious, nor comprehend more persons than the words any person, used in the former act. Suppose an act should prescribe the limitation to á writ of error, by declaring that “ any person” entitled to have the writ, shall bring it within five years, and a court should declare that, there being a plurality of persons necessarily plaintiffs, there was no limitation, being casus omissus ; would it be a fair construction ? would it not be considered as forc' d and far-fetched ? Change the case ; the proviso shall say, it any persons entitled to such, are infants. &c. and there should be but one plaintiff, and he an infant; should a court say he was barred, because the act on., ly provided for the case of two or more, and here was but one, and therefore it was casus omissus; would not such decision be too severely critical ?
Distinctions by the court, neither obvious nor palpable, nor necessary to effect the obvious changes or alterations intended, * hereby the old rule is repealed, and a new substantive clause is added to a statute, are a species of judicial legislation, which will ever bear bard upon the community; because such decisions must always have a retrospective effect and operation. It is important and convenient that the rule should be certain. The uncertainty of the law, is a most grievous tax upon the community.
A re.hearing is most respectfully solicited.
BIBB, for Fl’ffs.
But, on the 28th of October 1822, the petition was overruled.