Opinion of the Court by
Judge Mills.
[Absent Chief Justice Bibb.]
The complainant exhibited his bill to be relieved against a judgment at law, founded on a note executed by him to Francis Jones, who assigned it to Whittington, alleging that after he had given the note, and after it was due to Jones, he sold Jones a negro slave, and it was agreed, at the time of sale, between him and Jones that the amount of the note should be discounted out of the price of the slave, but the note not being present he did not take it up, and Jones afterwards lost the note by gaming with Whittington, to whom he assigned it Tout Whittington brought a warrant for the demand on the note and before the justice of the peace he proved the agreement to discount the note by Jones, and the justice, before whom it was tried, gave judgment for him, from which Whittington appealed—and he sent word to Jones to attend to the cause for him in the circuit court, but Jones failed to do it, and consequently judgment was rendered against him by default. He prayed for and obtained an injunction.
Whitington in his answer states that another person was indebted to him, and to discharge it, Jones assigned him the note, and denies that the note was paid by part of the price of a negro, and insists, if it was, the payment was made after the assignment, and notice thereof.
Jones introduced as a witness for the complainant, proves that the note was to be discounted in part of the price of a slave sold or rather deposes that the complainant paid him the amount of the note and he executed a receipt therefor, before the assignment, not explicitly stating that it was part price of the negro.
The court perpetuated the injunction, and to reverse that decree the writ of error is prosecuted.
Two witnesses are necessary against an answer, only where the facts are in respondent's knowledge, and he an vors positively.
Under the plea of payment defendant may prayer a discharge in Bank notes, negotiable notes on individuals, or a debt already due from the payee to the payor, delivered and accepted, or discounted as payment.
Taking the testimony of Jones as true, there cannot be any doubt, that the demand was discharged before assignment. Nor can the rule that two witnessess are necessary, or at least one with corroborating circumstances, shield the defendant below from this conclusion. For that rule only applies to the positive denial of a defendant in an answer to facts coming within his own knowledge, and not a denial of facts not within his knowledge, but founded on information and belief only.
It is contended that the relief in equity cannot be granted because the mode of discharging the demand was not a direct payment, but rather an accord and satisfaction, which ought to have been pleaded at law, and therefore, cannot be relied on in a court of equity—or,
Secondly, if it be a payment it ought to have been pleaded at law.
The first objection rests on the enquiry, whether this discharge of the note by part of the price of a negro could have been given in evidence under a plea of payment at law. It is true that payment literally means a discharge of the obligation ac
cording; to its letter. But courts have extended the issue more to the spirit, and have not confined it to the letter. Hence Starkie in his treatise on evidence, vol. 3, p. 1084, lays down the rule that the payment must be proved in money or its equivalent. What shall be counted an equivalent may often be a question of some nicely. Bills of exchange, bank notes, or negotiable notes on individuals, have been,
held good proof under the plea of payment. But there must be an agreement to accept them as such, 1 John. 34, 10 John. 104. If such articles with an agreement to accept them as payment may be given in evidence, certainly a sum of money already in the hands of the payee, and due from him to the
payor, might by agreement be discounted as payment. It was certainly unnecessary for the parties to go through the idle ceremony of the payee banking the money to the obligor, and he handling it directly bank, to discharge their respective obligations. It was competent for them to discharge both *175 by agreeing that the money should remain where it was, and no more was necessary in this case.
Payment in full at the day cannot be relied on in equity, after judgement.—Otherwise of payment after the pay, for it could not be pleaded at Common law, and Statute which allowed it does not affect the jurisdiction of equity.
Triplett, for plantiff; Monroe, for defendant.
As to the second objection to the jurisdiction of the chancellor to enforce an entire payment by decree, where the party has failed to make the plea at law, it is readily conceded as a general rule, that a bill for that purpose ought not to be sustained. But there are two kinds of pleas of payment well known to the books—payment at the day—and payment after the day. The first cannot be relied on, or enforced by bill in equity. Such is the doctrine held by this court in the case of McConnell’s Adm’rs. vs. Ficklin, 4 Bibb 413, cited at bur in the argument of this case against the relief prayed, But the rule with regard to payment after the day is different, as was well contended in agreement by the opposite counsel. Payment, after the day was a plea unknown to the common law, and could not there be made. Then the only relief wan an application to the chancellor, to enforce the plea. A statue afterwards tolerated the plea, and allowed it to be made at law. But this statute did not expressly oust the chancellor of his jurisdiction over the matter, and it has never been held that where a court of equity had jurisdiction, a statute authorizing a court of law to adjudicate on the same matter, ousted the courts of equity; but afterwards the two jurisdictions have been held concurrent, and that litigants have their election to apply to either. This principle must sustain this bid. For it shews distinctly that the payment relied on was made after the day.
The decree must, therefore, be affirmed with cost.