CHIEF JUSTICE SIMPSON
delivered the opinion oí? the court:
It was decided by this court, in the case of May vs. Marshall, (2 Littell, 147,) and in several subsequent cases, that the act of 1816 Limiting the prosecution of writs of error to three years, did not authorize the prosecution of a writ of error to a joint decree after that time had elapsed, ontlie groundthat one of the plaintiffs in error was an infant or feme covert at the time the decree was rendered. Unless all the plaintiffs were within the saving of the statute at the time the decree was rendered, the writ of error was barred at the expiration of the three years.
*511 And in the case of Callaghan vs. Carr, (1 Marshall, 22,) it was decided that to authorize the reversal of a joint decree against several, all should join in the writ, if living; if not living, the proper representative should join. If all refuse to join, there might be a summons and severance, but the plaintiffs in the writ would not thereby relieve themselves from the bar, if time enough had elapsed to create one. They would occupy the same attitude in that respect that they would have done if all had joined in the prosecution of the writ.
In conformity with these decisions, it was held by this court, in the case of Riney’s heirs vs. Riney, (1 B. Mon., 69,) that the interest of Riney’s heirs in the land which descended to them being joint, their right to prosecute a writ of error was joint, and not several for any purpose, and as all the heirs did not labor under a saving disability, the infants, in whose name alone the writ was prosecuted, could not avoid the legal operation of the statute of limitations, the adult co-heirs being barred.
The law on this subject has not been changed either by the Revised Statutes or the Code of Practice. The provisions in the Revised Statutes (pages 462-3) are a substantial transcript of the act of 1816. The only change made by the Code of Practice is a reduction of the time allowed for the prosecution of an appeal, after the disabilities are removed, from two years to one year. (Section 884.)
The decree appealed from in this case is joint. It was rendered in 1849, in a suit in chancery which had been brought to obtain a decree for the sale of a tract of land belonging to heirs, some of whom were infants, and some adults, upon the ground that a fair division of it could not be made, and in consequence thereof a sale would be to the advantage of all the parties. The infants, in conjunction with their statutory guardian, were complainants, and the adult heirs were defendants. They all concurred in the prayer for a sale of the land, and the decree was rendered at their joint instance and for their joint benefit. If the decree was prejudicial to one, it was prejudicial to all. Their right to prosecute an appeal against the purchaser under the decree is joint; and as all the heirs did not *512 labor under a saving disability at the time the decree was rendered, the appellant, by whom this appeal is now prosecuted, being one of the heirs, cannot avoid the operation of the statute of limitations by relying upon his disability at the time the decree was rendered, and bringing himself alone, as one of the heirs, within the saving of the statute.
Wherefore, the statute being pleaded in this case, and the matters relied upon in the reply to avoid its operation being insufficient for that purpose, it is considered and adjudged that the appeal is barred.