CASE 27—PETITION EQUITY—OCTOBER 1.

# Farlee, &c. v. Rodes.

APPEAL FROM BOYLE CIRCUIT COURT.

APPEAL FROM JOINT JUDGMENT AGAINST HUSBAND AND WIFE must be prosecuted within three years, unless the husband labors under disability.

*If the husband labored under no disability* his wife can not avail herself of her disability of coverture to stop the running of the statute.

R. J. BRECKINRIDGE, ⎫
THOMPSONS, . . . . ⎬ . . . . . . . . For Appellants,

CITED

Civil Code, section 889.
4 Met. 30, Bondurant v. Apperson.
7 Bush, 623, Helm v. Short, &c.
2 Bush, 232, Merriwether v. Sebree, &c.

VANWINKLE & RODES, . . . . . . . . . For Appellee,

CITED

Civil Code, section 884.
9 Bush, 665, Lawless v. Barger, &c.
3 Bush, 660, Hughes's adm'rs v. Brown.
1 Met. 510, Helm v. Bently.
2 Litt. 147, May, &c. v. Marshall, &c.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT.

The judgment from which this appeal is prosecuted is against Peter Farlee and Ellen Farlee, his wife, jointly. It was rendered on the 7th of September, 1871, and the appeal was not prosecuted until the 13th of May, 1875. More than three years had elapsed from the date of the judgment until the appeal was prosecuted, and the statute of limitations is pleaded as a bar.

The right to prosecute the appeal was jointly in Farlee and his wife, and as Peter Farlee labored under no disability at the time, his wife can not avail herself of her disability of coverture to stop the running of the statute, and it is therefore adjudged that the appeal is barred. (Helm v. Bentley, 1 Met. 510.)