Pawtucket Steam and Gas Pipe Company *vs.* Hiram A. Briggs.

PROVIDENCE—NOVEMBER 1, 1899.

Present: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Pleading and Practice at Law.   Affidavit of Defence.   Waiver.*

Failure by the plaintiff to take advantage of defects in an affidavit of defence filed under the provisions of Gen. Laws R. I. cap. 239, § 14, until the day to which the case has been assigned for trial by agreement of parties, is a waiver of defects.   A motion by the plaintiff for judgment as of default under such circumstances is properly refused by the court. *West* v. *Darcy*, 20 R. I. 311, distinguished.

An affidavit of defence to an action on book account was as follows: "B., the defendant in the above-entitled case, being first duly sworn, on oath says that in his opinion there is a good and valid defence to the plaintiff's suit, and that the defence consists in the terms of the contract which the said plaintiff made with the said defendant, to which contract the said plaintiff refers in the copy of the account filed with the declaration":—

*Held* defective, being indefinite as to the terms of the contract referred to and failing to set out wherein it had been violated.

See *N. E. Brick Co.* v. *Dube*, 19 R. I. 397, for an affidavit held sufficient.

(2)  *Evidence.   Waiver.*

The defects in the affidavit having been waived by the plaintiff, evidence offered by the defendant to show that all of the items in dispute were included in the "contract" is admissible.

*Quœre*, whether under such waiver the defendant could offer evidence in dispute of any items of the account not included in the "contract."

(3)  *Evidence.*

In an action on book account, evidence tending to show that the plaintiff previously had made an assignment for the benefit of his creditors and had not included the claim in suit in its statement of assets is admissible.

(4)  *New Trial.*

Where the evidence as to the terms of a contract and as to what it included is conflicting, the court will not disturb the verdict.

ASSUMPSIT ON BOOK ACCOUNT.  The facts are fully stated in the opinion.  Heard on petition of plaintiff for new trial. New trial denied.

TILLINGHAST, J.  This is an action of assumpsit for book debt.  It was brought in the District Court of the Tenth Judicial District, from which it was duly certified to the Common Pleas Division on the plaintiff's claim for a jury trial.  The defendant filed the following affidavit of valid defence in the District Court, viz.:

"Hiram A. Briggs, the defendant in the above-entitled case, being first duly sworn, on oath says that in his opinion there is a good and valid defence to the plaintiff's suit, and that the defence consists in the terms of the contract which the said plaintiff made with the said defendant, to which contract the said plaintiff refers in the copy of the account filed with the declaration."

At the trial of the case in the Common Pleas Division, the plaintiff moved for judgment for the full amount claimed, on the ground that said affidavit was not a compliance with Gen. Laws R. I. cap. 239, § 14, which provides, amongst other things, that "if the plaintiff shall file with his declaration a copy of the bill, note, bond, instrument in writing, book-entries, judgment, or recognizance . . . the defendant . . . shall within ten days after filing of the declaration, if the case be in the Common Pleas Division, or within the time fixed for filing special pleas if in a district court, make affidavit setting out that in his opinion there is a good and valid defence, and in what said defence consists; otherwise judgment shall be entered as if said case were defaulted."

It appeared that no objection to the affidavit was made in the District Court, and that the case had twice been assigned for trial in the Common Pleas Division by agreement of counsel without any objection having been made to the sufficiency thereof.  And in view of these facts the court ruled that the defect, if any existed, had been waived, and allowed the case to proceed.  The plaintiff excepted to the ruling, and now, after verdict in its favor for a much less sum than it claims

to be due, petitions for a new trial on the ground that said ruling was erroneous, and also on the ground of other alleged erroneous rulings which will hereinafter be considered.   The plaintiff also claims that the verdict is against the evidence, and that the damages awarded are inadequate.

We think the court properly ruled that any defect in the affidavit of defence was waived by not attempting to take advantage thereof until the day agreed upon for the trial of the case.   The main purpose of the statute evidently is to compel the defendant, in cases of this sort,  to show, *prima facie* at least, that he has, or believes he has, a valid defence, in part or in whole, to the plaintiff's claim, and in what that defence consists, in order that the plaintiff may not be put to the unnecessary trouble and expense of proving his claim except in so far as it is disputed ; and also that he may not be taken by surprise by the setting up of a defence which he had not anticipated.   Another object of the statute evidently is to narrow the issues involved in the case, as far as may be, and thus facilitate the trial thereof.   But as the filing of the affidavit of defence is mainly for the benefit of the plaintiff, it is clearly competent for him to waive any defect that may exist therein.

"The doctrine of waiver," said Shaw, C. J., in *Simonds* v. *Parker*, 1 Met. 511, "is founded upon a useful and highly reasonable principle, and one of very extensive application. Whilst the law protects the rights of parties even in minute and unimportant matters, it requires diligence and good faith in taking advantage of its rules to accomplish those ends and not to work injustice."   See also *Warren* v. *Glynn*, 37 N. H. 340 ; *Chew* v. *Griffith*, 1 Ashm. 18 ; *Almy* v. *Daniels*, 15 R. I. 319–20 ; *Massell* v. *Fire Ins. Co.*, 19 R. I. 565 ; *Metcalf* v. *Ins. Co.*, 21 R. I. 307.

In *Tingley* v. *City of Providence*, 9 R. I. 388, this court held it to be a fixed rule of law that where an irregularity has been committed, and the party knows it, he should come, in the first instance, to avail himself of it, and not allow the other party to proceed to more expense.   That "it is not reasonable afterwards to allow the party to complain of that

irregularity of which, if he had availed himself at first, all . that expense would have been rendered unnecessary."

The case of *O'Neal* v. *Rupp*, 22 Pa. St. 395, is clearly in point. Under a general rule of the court it was provided that "in all actions of debt or *assumpsit*, when the plaintiff shall file with his *precipe* an affidavit stating the amount verily believed to be due from the defendant, he shall be entitled to judgment as for want of appearance, unless defendant shall file an affidavit of defence with his appearance." Five months after the affidavit was filed—the plaintiff meanwhile having obtained an order upon the defendant to plead, and a rule also having been entered to arbitrate—the plaintiff obtained a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, which rule, upon consideration, was by the court below made absolute and judgment was entered for plaintiff by default. In reversing this decision, the Supreme Court, by Knox, J., said : "It is unnecessary to determine whether the affidavit did not disclose a valid defence to the plaintiff's demand, as we are of the opinion that the objection to its sufficiency was not raised in time.

A party who intends to ask for judgment for the reason that the affidavit of defence is deficient, must do so before he has taken any steps in the cause, subsequent to the affidavit, calculated to mislead his opponent. . . .

The plaintiff had his election, either to treat the affidavit of defence as sufficient and to take the ordinary course to bring his cause on for trial, or to test the validity of the affidavit by entering a rule for judgment. It would seem that he adopted the first branch of this proposition, for, on the 16th day of April, 1853, a rule was taken upon the defendant to plead, and two days afterwards a rule was entered to arbitrate, which last rule was, on the 24th May, stricken off at the plaintiff's instance and costs.

After these steps had been taken, and five months after the affidavit had been filed, the plaintiff obtained a rule for judgment, which was made absolute upon the ground that the

affidavit was defective in not setting forth a defence that would be effectual in law.

It may be said that a defendant is not injured by reason of delay in taking judgment; but of this we cannot be certain. It was fair for him to presume that his case would be investigated in open court and tried in the usual method, and a prudent man would have provided the means necessary to make good his defence. This would require an expenditure of time and money, besides which, delay is generally injurious, even to the losing party.

There is no hardship in holding that a plaintiff may waive his right to question the sufficiency of an affidavit of defence, and we think this case a proper one to apply the rule that he may do so."

The case of *West* v. *Darcy*, 20 R. I. 311, relied on by plaintiff, does not control the case at bar, as there no affidavit of defence was filed; and in such case the statute provides that judgment shall be entered as by default.

Conceding, then, that the affidavit in question was defective (as we think it was), the plaintiff's motion for judgment came too late, for the reasons given.

(2)    But the plaintiff contends that, even though there was a waiver of the defect in said affidavit, the defendant had no right to dispute any of the items in the account filed with the declaration except those included in the "contract" referred to in the affidavit; that is, that the defence should have been limited to what was set up in the affidavit. Whether this contention is tenable we are not now called upon to decide, as the record shows that all the evidence offered by the defendant related to items which he claims were included in said contract, and that as to the other items he made no defence. As the plaintiff had waived the defect in the affidavit—which consisted in its indefiniteness as to the terms of the "contract" referred to and also in its failure to set out wherein it had been violated by the plaintiff—we think it was competent for the court to permit the defendant to show that all of the items in dispute were included in said "contract."

An examination of the cases relied on by plaintiff's counsel shows that they are mainly cases where the sufficiency of the affidavit has arisen on motion for judgment as by default for want of a sufficient affidavit of defence. Such was the case in *Marsh* v. *Marshall*, 53 Pa. St. 396; *Amer. Elec. Co.* v. *Gas. Co.*, 47 Fed. Rep. 43; *Reed* v. *Raymond*, 37 Fed. Rep. 186; *Kaufman* v. *Iron Co.*, 105 Pa. St. 537; *Knerr* v. *Bradley, Ib.* 190; *Burke* v. *Adams, Ib.* 151; *Bryar* v. *Harrison*, 37 Pa. St. 233. As the question before us is one of *waiver* of the insufficiency of the affidavit of defence, these cases are not controlling. See *N. E. Brick Co.* v. *Dube*, 19 R. I. 397, as to an affidavit which was held sufficient.

(3)  During the trial of the case the defendant was allowed, over the plaintiff's exception, to ask if the plaintiff corporation had previously made an assignment for the benefit of its creditors, and also whether, in the statement of its assets made at that time, which was in 1895, it had included the claim in suit. This testimony was offered for the purpose of showing that the plaintiff at the time of the assignment did not consider the claim, which it appears was an old one, as an asset of the corporation. We think the testimony was competent as tending to show that plaintiff did not consider that the claim in suit was a legal one.

(4)  In view of the conflict of testimony as to the terms of the contract for the putting in of the heating apparatus and as to what the contract included, we cannot say that the verdict was clearly against the evidence, or that the damages assessed are inadequate.

Petition for new trial denied, and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*W. Waldo Robinson*, for plaintiff.

*L. J. Tuck*, for defendant.