## MARSTELLER AND OTHERS *v.* M'CLEAN.

March    2d.

*Present....all the judges.*

In order to avoid the plea of the statute of limitations to an action by joint tenants, it is necessary to show that all the Plaintiffs were under a disability to sue.

ERROR to the Circuit Court for the District of Columbia.

This was an action of trespass for mesne profits after a recovery in ejectment by the present Plaintiffs against the present Defendant, who pleaded the statute of limitations, to which the Plaintiffs replied, in substance, that Christiana, the wife of one of the Plaintiffs, and Elizabeth, the wife of another of the Plaintiffs, in whose rights they sue, " were femes covert when the cause " of action accrued, and have ever since continued " femes covert"—" and " that *Kitty Hunter,*" one of the " Plaintiffs " *was a feme covert,*" and that the other P. 'ntiffs, in whose right the suit was brought, were infants at the time the cause of action accrued, and also at the commencement of the action. To this replication there was a general demurrer and joinder, on which the court below rendered judgment for the Defendant.

C. SIMMS *and* R. I. TAYLOR, for the Defendant in error, contended,

1. That the replication was bad, because it did not show that all the Plaintiffs were entitled to sue, notwithstanding the statute of limitations. It did not state that Kitty Hunter continued a feme covert until less than five years next before the commencement of the

suit. If her disability of coverture was removed five years before bringing the action, she was barred by the statute; and the replication, being joint, if bad as to one, is bad as to all.

2. That upon a demurrer the court will give judgment against that party who commits the first fault in pleading. The declaration states all the material allegations under a *" whereas"*—a *quod cum.* It is all *recital,* which is fatal upon a general demurrer, or upon a motion in arrest of judgment.

The courts of Virginia follow the practice of the king's bench in England, where this exception has been always held good. 1 *Str.* 621, *Amyon v. Shore.* 2 *Hen. and Mun.* 595—*Hord. v. Dishman.* 3 *Hen. and Mun.* 134. *Moore's Admr. v. Dauney—id* 271, *Lomax v. Ford.* 4 *Hen. and Mun.* 277. *Sym v. Griffith.*

E. I. LEE, *contra.*

The objection to the declaration is only an objection to *form.* The statue of jeofails in Virginia does not justify the cases cited from the Court of Appeals. Upon a demurrer to the replication the Defendant cannot take advantage of an error in the declaration.

As to the objection that the replication does not state that Kitty Hunter continued a feme sole, it is sufficient for us if we show that some of the Plaintiffs are not barred by the statute. Those who were under a disability are not to be prejudiced by the negligence of those who were not disabled. Joint tenants cannot sue severally, they must join. 1 *Tidd. Prac.* 7. 1 *Sanders* 291. *Note* 4, *Cobel v. Vaughan,* 2 *W. Bl.* 1077. If the plea is bad as to some of the Plaintiffs it is bad as to all. 2 *Sand.* 49, 50. 1 *Sand.* 28.

TAYLOR, *in reply.*

The case of *Perry v. Jackson,* 4 *T. R.* 516, was the first in which it was decided that the statute runs against all the joint Plaintiffs if any of them were free from disability. In that case it was replied to the plea of limitations, that one of the Plaintiffs was beyond seas, and the replication was adjudged bad.

MARSTEL-
LER &
OTHERS
*v.*
M'CLEAN.

E. I. LEE.    The declaration states that some of the Plaintiffs are infants, the plea was no bar to those Plaintiffs.    In the case of Perry v. Jackson the Plaintiffs were partners in trade.    It was a voluntary association—but here the Plaintiffs are joined by act of law.

*March 13th....All the judges being present,*

STORY, J. delivered the opinion of the court as follows :

The Plaintiffs in error brought an action of trespass *quare clansum fregit*—to which the Defendant in error pleaded the statute of limitations.    The replication in substance states that, at the time when the cause of action accrued, Christiana, wife of one of the Plaintiffs, and Elizabeth, wife of another of the Plaintiffs, " were " feme coverts, and ever since have continued feme " coverts"—and " *that Kitty Hunter,*" one of the Plaintiffs, " *was a feme covert;*" and that the other Plaintiffs in whose right the suit was brought, at the time when the action accrued, and also at the commencement of the suit, were infants.    To this replication there is a general demurrer and joinder on which the court below gave judgment for the Defendant.

It is contended by the Defendant that this replication is insufficient, inasmuch as it does not allege that Kitty Hunter *continued a feme covert* until within five years, the time prescribed by the statute of limitations for the pursuit of this remedy.    And it is further contended, that, even if the replication be good, yet the Plaintiffs ought not to recover, because the declaration charges the trespass by way of recital—" for that *whereas* the Defendant with force and arms," &c., and not by positive and direct allegations as the law requires.    On this last exception the court do not intend to give any opinion ; but unless the point were fully settled by authority, they would feel little inclination to sustain an objection which would seem directed more to the form than the merits of the action.

The objection to the replication deserves more consideration.    It is certainly a rule of pleading that a replication should of itself contain a full and complete answer to the bar, and that a joint plea which is bad, affects with its consequences all the parties joining in it.

In the present case it may be true that Kitty Hunter was a feme covert at the time when the action accrued; and yet it may be equally true that five years have elapsed since the disability was removed. It was therefore incumbent on the Plaintiffs, not barely to shew a coverture, but, by a proper averment, to shew its continuance to a time within which it would have been a perfect avoidance of the bar. The objection then would have been fatal in a several action brought by Kitty Hunter.

But it is said that though the replication be bad as to one of the Plaintiffs, yet it can only bar her: that the infancy or coverture of the other Plaintiffs entitles them to a recovery in this action for the injury done to them; and that, as parceners and tenants in common are compellable to join in actions of this nature, it would be hard to affect them with the disability of a co-tenant.

It seems, however, to be a settled rule that all the Plaintiffs in a suit must be competent to sue, otherwise the action cannot be supported: and the case of *Perry v. Jackson, cited from 4, Term Reports*, 516, decides that a plea of the statute of limitations, which is good as to one partner, bars them both in a joint action. When once the statute runs against one of two parties entitled to a joint action, it operates as a bar to such joint action.

It is therefore the opinion of the Court that as this answer to the objection fails, the replication must be adjudged insufficient, and of course the bar must prevail.

*Judgment affirmed.*