Judge Mills
delivered the opinion of the court.
This is a bill brought by Lewis Turner and John Turner, joint executors of Edward Turner, to recover from the estate of James Turner, one of the distributees of said Edward, an excess paid him by mistake in the distribution of said Edward’s estate, it appears that the estate of Edward Turner lay in Virginia—that in that state the complainants administered on his estate—that commissioners were appointed to settle and divide the estate, by the county court of Fauquier, who took an account of the advancements of each heir, and brought them into hotchpot, and then divided; but in doing so, they miscalculated some of the advancements to James Turner, the distributee, whereby his share was greater than it ought to have been; and the complainants, as they shew, paid it. Shortly after this division, about the year 1800, James, the distributee, came to this country, where he resided till his death, and then the defendant administered on his estate. That one of the executors of his father removed to this country shortly afterwards, in 1807, or 1808, and continued to reside here much of the time, in the neighborhood of James Turner, and on terms of intimacy with him till his death, and still *384 continues here. The other executor still remains in Virginia, where the estate was distributed.
The stat. of limitations does not apply to trusts, but an ex’or paying more than is due to a distributee is no trust—such distributee holds in his own right, and adversely to the ex’or.
If the stat. of limitations bars heright of one ex’or to sue on a demand due the estate, his co-ex’or is also bar’d; the right to sue is joint, and what bars one bars the other.
The bill suggests that the mistake was never discovered till about 1815; and this bill was not filed till the month of March, 1817:—That a new appointment of commissioners had been made in Virginia, and a new division made, whereby the mistake was made apparent in the year 1816. The administrator of the decedent, James Turner, denies any knowledge of the equity charged in the bill; puts the complainants upon the proof thereof, and pleads and relies on the staleness of the demand, and the statute of limitations, as a bar. The court below dismissed the bill with costs: from which decree the complainants have appealed to this court.
It is contended that the holding of the excess of money by James Turner was a trust, and that to such case the statute does not apply It cannot be admitted that there is a trust in the case, which would prevent the statute from attaching. While the money was held by the complainants, they held it in trust for the distributees, and their possession was compatible with the claim of the distributees; but when they paid it over, each distributee received and claimed it as his own, and their holding must be construed adverse to, and inconsistent with, the claim to pay it back, as was held by this court in the case of Lytle vs. Rowton, 1 Marsh. 517. In this case. then, the surplus overpaid to James Turner must be considered as held adversely to the complainants, and on this ground they cannot evade the operation of the statute.
But the residence of one of the executors and co-complainants in Virginia, from whence James Turner removed, is insisted on. This is answered by the removal of one of the executors to this state, and his residence here for at least nine years before this suit was commenced. Their right to recover back and hold the excess paid, is a joint one; and if one cannot recover, the other is barred likewise, by the provisions of the statute, as was held by this court in the case of Dickey vs Armstrong’s devisees, 1st Marshall, 39, and by the supreme court of the U. States in 7 Cranch, 156. On this ground the complainants cannot evade the operation of the act.
The only remaining ground relied on is, that the mistake was not discovered until within five years previous to the commencement of the suit, and therefore the complainants *385 ought not to be prejudiced because they did not commence a suit, of the grounds of which they had no knowledge.— We have not thought it necessary to decide, whether the bar to a suit in chancery, brought to rectify a mistake, ought to be commenced within five years from the commission of the mistake, or within that length of time from the discovery of the mistake. For in this case the complainants have not given even the testimony of their own oath of their ignorance of the mistake, till a late day. The answer contests every allegation of the bill. They were possessed of the vouchers by which the mistake could have been discovered. It was even a matter that might have been shewn, in some measure, by the record of the first settlement in Virginia, where one of them still resides, and at which settlement all parties attended. The other lived here in habits of intimacy with James Turner, and no claim of that nature appears in his life time; but since his death an exparte settlement is made in Virginia, shewing the mistake. These circumstances, added to the great ease with which the mistake might have been discovered, raises a presumption that the mistake was discovered, or that if the claim had been asserted in the life time of James Turner, it might have been easily defeated.
Bibb for appellant, Crittenden for appellee.
The decision of the court below must, therefore, be affirmed with costs.