O’Neall, J.
The right of the plaintiff to recover depends, first, upon the construction of the will of Thomas Bell, and secondly, u.pon the statute of limitations. These points in the case will naturally be considered in the order in which I have stated them.
1. The different clauses of the will constitute a devise to Elizabeth Bell and the lawful issue of her body, with a limitation over if sho should die without lawful issue of her body alive ; the devise in her favour to be equally divided among the tes> tator’s then surviving children. -Upon the different clauses thus read together, the judgement-of the Court is asked, whether the first taker took an absolute estate in the slaves, or for life only, with a remainder to her issue living at her death. There is no doubt of the intention of the testator to make three distinct dispositions of the property ; 1st, to Elizabeth Bell for life ; 2d, to her issue after her death; and 3d, if both the previous dispositions should fail, that the property should bo divided among his other children. If this intention be not con-" trary to some known rule of law, it ought to prevail. I am as little disposed as any other judge to lock up estates; true policy consists, (as I have before said) when there is doubt, to lean in favour of declaring estates, real and personal, absolute in the first taker. But I have no idea of establishing an arbitrary rule to defeat the intention of testators. Where it is not defeated by fixed rules of technical construction, it is our duty to give it free course and effect. In the case under consideration, there is no doubt that the limitation over is good. This needs no argument to prove; the case of Patterson v. Stevens * *331 is full on this point. If the limitation over is good, it follows, I think, that'the deviso to the issue is also good, for it confines and restricts the general meaning of the term, to issue living at the death of the first taker, and hence they are not affected by any remoteness which would exclude them from coming in as purchasers. They take the estate by the words of the devise from the testator, and not through their mother. Their connection with the latter, in the words of the'devise, is not as the legal inheritors of that which she possessed, but is merely descriptive of them as a class of persons who are next to succeed to testator’s bounty. This is in’'exact accordance with my notion of an estate by purchase. The devisees take as a class, by the testator’s will in remainder; they take nothing by descent, for they do not take by virtue of inheritable blood or affinity to a common ancestor; they do not take to the remotest descendants of the first taker, but are confined to those living at her death. These are some of the reasons why the rights of the issue ought to be respected, but they are not alL It is clear that personal estate was never affected on these questions of limitation, by the technical notions and reasons' which apply to real estate. There never was any such thing as- a 'descent cast in personalty. The estate in it, on the death of the testator, is vested in his executor, and by his assent is transferred to the legatee. In the construction applicable to a will of personalty, the only question is, are the persons in esse, or-by'common possibility will they be in essé at the death of' the first taker, to take the estate or- property bequeathed to them ? If this question can be answered .affirmatively, then the bequest is good. But the words used must so describe the intermediate class, who constitute the contingency on which the limitation over is to take effect, or to whom the estate is devised before the ultimate remainder is to'vest, that they may be known as persons capable of being alive during the lifetime of the first taker. For if they are not then considered as persons capable of existence, or if they can only begin to exist after the death of the first taker, the estate is too remote in the limitation over, and the first taker takes absolutely. This reasoning points to the distinction between the words issue, and the words heirs of the body, and to the distinction between an indefinite failure of issue, and a failure'of issue living at the death of the first taker, in a limitation over-of personalty. But there are many cases where a limitation, over of personalty, after a failure of issue living at the death- of the first taker, would be good, and yet the issue could not take..' If their title depends upon implication, they cannot generally take. For an estate in personalty is not to be enlarged by such an implica, tion as would in England create an estate tail -in real estate, *332 issuo *n suc^ a case only designated as a contingent class of persons, upon whose existence or failure to exist, the. estate is to remain with the first taker, or to go over in romain-dev by way of executory devise. But when there is a direct to ^le issue> then if they are so described, either in that part of the will devising to them, or in that which makes them the contingency on which the limitation over is to depend, as to shew that the testator intended that they should, in contemplation of law, be capable of taking the moment the first taker’s estate determined, then the devise to them is good. This view is impliedly sanctioned by the reasoning of the Court in the case of Carr v. Porter, 1 M’C. C. R. 88, 89.
The case of Lamply v. Blower, 3 Atk. 396, is a direct authority in favour of the rights of the issue in this case. The devise in that case was, “ I give to my nieces, Frances Lamp-ley the wife of-Lampley, and Anne Blower, both in Bar-badoes, each one half of the produce of bank stock, and to their issue; and if -either of them shall happen to die before the legacy become due to her, and leave no issue, the share of her so dying shall go to the survivor.” Frances Lampley had a son at the time of the devise, and died before the testatrix, leaving a son, the now plaintiff, who brought his bill for the moiety of the produce of the bank stock. It was held that the issue was entitled, the words descriptive of the contingency having restricted the general meaning of the words “ leave no issue,” to leaving no issue at her death. That case and the one under consideration are perfectly parallel cases, and this must be decided by the rule laid down in that.
2. Being of opinion that the issue take as purchasers under the words of the will, we are brought to consider the effect of the plea of the statute of limitations. It appears that Sarah Henry has been of full age more than four years before this action was commenced, and that John Talbird the younger, after attaining to full age, died in 1824, leaving no issue, and that his father is his administrator. Elizabeth Talbird, the only other child of the first taker, is a minor, so that as to Sarah Henry and John Talbird, the time limited by the statute for the commencement of their action has run out, and they must be barred in this action, unless the minority of their eo-tenant, Elizabeth, will help them. On looking into some of the English cases, and a case from the Supreme Court of the United States, it would seem that in a joint action by several, if the statute would bar one, it will all. But I think we shall be compelled to adopt a different rule in this case, for reasons which I will now undertake to point out.
The case of Perry v. Jackson, 4 T. R. 516, seems to be the leading case. The plaintiffs were merchants and copart- *333 iicrs. The action was on a bill of exchange drawn by the defendants; one of the plaintiffs resided abroad ; it was held not to prevent the bar of the statute. The judges in that case placed their judgment upon the construction of the exception in the statute, which they held only to apply to sole plaintiffs.
The case of Marsteller and others v. M’Lean, 7 Cranch, 156, was an .action of trespass for mesne profits; all the plaintiffs were under disabilities except one; the statute was pleaded, and was held to bar all the plaintiffs. Judge Story said “when once the statute runs against one of two parties entitled to a joint action, it operates as a bar to such joint action.”
These two cases are sufficient illustrations of the rule, to which 1 think this case is an exception. Geneially speaking it applies to cases in which the parties arc obliged to sue jointly; in such cases it must be admitted by every one that all must recover or none, and under the plea of the statute, if the disability excepted by the statute applied generally to many plaintiffs, as well as to a sole plaintiff, the result would be to save the whole from the statute. The effect of the disability must depend always on the words of the statute making the exception» In this State, it has been repeatedly held, (a) and was Recently decided in the case of Smith v. Gaillard,* that in trespass to try title to land, the minority of one co-tenant would prevent the operation of the statute of limitations. This is settled law from the construction given to our statute, and is a sufficient reason tvliy the case of Mars-teller v. M’Lean cannot give us the rule. But I think in cases like the present it is always best to look to the words of the statute instead of being exclusively governed by analogous cases. The act of 1788, P. L. 455, provides that “persons under the age of twenty-one years shall be allowed five years after attaining the said age to prosecute their right or title to lands, and four years after attaining such age to prosecute any personal action to which they are or may be entitled.” It is perfectly clear from the words of the act, that in an action by several plaintiffs, (some of whom are or have been minors and have sued within the time limited after attaining to maturity) that the plaintiffs who are, or have been, minors and have so sued, cannot be cut off by the statute from prosecuting their action. For by the words of the statute, they are allowed to prosecute their right or title to lands or any personal action to which they are or may be entitled, and the only question in reality would be, whether their disability of nonage would help the adult plaintiff? I have said that in trespass to try title to lands, it would have the effect to save all the co-tenants from the bar of the statute. The reason of this decision may have been, that notwithstanding any one of several tenants in *334 common or distributees might sue in trespass to try titles, and recover his or her share of the land, that yet his or her recovery would entitle him or her to the writ of habere facias possessionern for, and an execution of it by delivery of the possession of the whole land. When any one of the co.tenants obtains possession, his posesssion is that of all, and hence if any one was entitled to recover possession, all would be of necessity also entitled. So much for the application of the act of `88 to land, it now remains to be seen how far it will affect personalty. In Equity, this Court in the cases of Dobson v. Dobson,* and Riddlehoover v. Kinard,† has held that none but persons who were minors or had been so until within four years beforethe coii~meiicement of the suit, could be protected from the operation of the statute upon their rights to personal estate, and that the adults would be barred. It is desirable that the same rule should exist at law, unless some technical reason will prevent it.
The action of trover; which is the one before us, does not seek the recovery of the specific chattel, but damages for the conversion. It is also clear that in such a case the jury may find damages exactly proportioned to the title proved. There is no technical unity in the thing to be recovered, which compels us to protect all from the bar of the statute, because it does not reach one.
I apprehend too that notwithstanding the plaintiffs are joint, that one may in trover recover, and the others fail, under the plea of the statute of limitations. The plea and replication set out enough to shew in whose favor the law is, and for whose benefit the recovery is. The party having the benefit of the disability, would be entitled to judgment for damages found for the conversion of his title, (a) For the defendant who relies upon the statute, and thus succeeds in cutting off two out of three plaintiffs, is properly only a wrong doer against the one to whom the statute does not apply- If the defendant and the plaintiff not barred by the statute, after the allowance of its bar against the adult plaintiffs, were even to be regarded as: tenants in common, the defendant’s plea of the statute of limitations would be such evidence of the assertion of an adverse-title, as would amount to an ouster, upon which the minor plaintiff would he entitled to recover.
in the case under consideration there will be no difficulty in conforming the result to the view we have taken of the law. Sarah Henry, and John Talbird administrator of John Talbird "jr., are barfed by the' statute of limitations. The plaintiff Elizabeth Talbird. is, however, entitled to recover one third of the value and hire of the negroes in dispute.. In looking,, however, into the special verdict, it seems that the jury have *335 not assessed damages for the conversion; no judgment can therefore he entered upon it. The motion to reverse the decision of the judge below is granted, and a venire facias de novo is awarded.
Johnson & Harper, Js. concurred.

 Not reported.

 Not reported.

 1 N. & M'C., 298, 1 Bailey, 192.

 not reported.

 1 Hill Ch. R. 375.

 See 1 Chilly, Pl. 54 citing Co. Lit. 197, b. Cro. Eliz. 473.