CHARLOTTE MASTERS et al., Plaintiffs in Error, *v.* JOSIAH B. DUNN et al., Defendants in Error.

If, at the time a joint cause of action accrues to several plaintiffs, all of them be under a disability to sue, the Statute of Limitations will not commence running until the disability be removed from all. See 5 Yerg. 1; 5 Humph. 443; 1 Swan. 501; 3 Litt. 48; 7 B. Monroe, 236; 3 Monroe, 63; Ib. 146.

IN error from the Circuit Court of Oktibbeha county. Hon. Reuben Davis presiding as special judge.

The facts are fully set out in the opinion of the court.

*James T. Harrison,* for plaintiffs in error.

It is very clear that the action was barred, and that the absolute title was with the possession. Archer T. Dunn was of full age in 1844, and Josiah B. Dunn arrived at majority more than three years next before the commencement of this suit.

Our Statute of Limitations commenced running when the property was brought here in 1845, and not until then. The moment Masters came with the negro to this state, our statute acted upon the facts as they then existed. As soon as Masters came within the jurisdiction of our courts, our law adjudged the character of the possession according to the facts. The possession was *adverse* when the property reached the state; and the Statute of Limitations not only presented a bar, but vested a title in the possessor in three years. *McKissick & Wife* v. *McKissick,* 6 Humph. R. 75; *Bohannon* v. *Chapman,* 17 Ala. R. 698.

The right of action did not exist until the defendant was sub-

ject to the jurisdiction of the courts of this state. *Estis* v. *Rawlins*, 5 How. (Miss.) 265, 266.

The time when an action may be commenced, as well as at what time the right of action is barred by the Statute of Limitations, must be directed exclusively by the laws of the *former*. Story, Confl. Law, 470, note, and cases cited; Ib. 482, §§ 576, 577; Ib. 484, § 578; Ib. 467, § 556; Ib. 469, &c., § 557.

Three years' adverse possession of personal property, *vests the title* of the property in the possessor. In such case, the uninterrupted adverse enjoyment for a period prescribed by the statute, vests the right of property in the possessor, unless prevented by some of the exceptions of the statute. It does not merely bar the remedy. *Partee* v. *Badget et al.*, 4 Yerg. 174; *Henderson* v. *Hays*, 4 Ib. 507; *Swart* v. *Baugh*, 3 J. J. Marsh. 365, 366; *Brent* v. *Chapman*, 5 Cranch, 358; *Newby* v. *Blakey*, 3 Hen. & Munf. 57; *South* v. *Barksdale*, 5 Munf. 101; *Clark* v. *Butler*, 7 J. J. Marsh. 194; *Bohannon* v. *Chapman*, 17 Ala. R. 698.

And this, even though the possession had been commenced in fraud, *Gregg* v. *Bigham*, 1 Hill, (S. C.) R. 299; or was void in its origin. And see *Shelby* v. *Guy*, 11 Wheat. 371; 2 Ala. R. 561; 8 Porter, 95; 7 Ala. R. 246; 3 S. & M. 563.

To maintain detinue, the plaintiff must have the *entire* and *exclusive* legal title to the chattel sued for. The interest, if divided in any possible way, would destroy the action. 1 Stew. 572; 11 Ala. R. 614; 18 Ib. 25; 20 Ib. 112; 21 Ib. 553; 2 Dev. & Bat. 133; 2 Mass. R. 509, 512.

The chattel is not capable in law, of severance, and the whole, or none of it, can be delivered to the plaintiff. 2 Mass. R. 512.

And in *personal* actions *all* must sue, because the right of action is *joint*, and it must be sustained by *all jointly*, or it can be sustained *by none*. And when once the Statute of Limitations runs against one of several parties to a joint action, it operates as a bar to such action. *Barrow's Lessee* v. *Nave*, 3 Yerg. 228; *Hardeman et al.* v. *Sims et al.*, 3 Ala. R. 747; *Marsteller et al.* v. *McLean*, 7 Cranch, 156; *Perry* v. *Jackson*, 4 Term R. 516; *Cochran & Estelle* v. *Cunningham's Ex'or*, 16 Ala. 448; *Riney's Heirs* v. *Riney*, 1 B. Monr. 69; *Montgomery* v. *Wynes*, 4 Dev.

& Bat. Eq. R. 527; *Milner* v. *Davis*, 3 Litt. Select Cas. 436; 1 A. K. Marsh. 39.

This is the well-settled rule in *personal* actions. *Jordan* v. *McKinza*, decided at this term. Under the *peculiar wording* of the Tennessee statute, a distinction is attempted to be taken, where *all* the plaintiffs were under disability to sue at the time the cause of action accrued. *Shute* v. *Wade*, 5 Yerg. 9.

But even granting that case to be the law, the statute is different from ours, and the construction does not apply. And, besides, the *facts* are not the same. In this case, two out of three of the claimants were of age. See Mississippi Statute, Hutch. Code, 825, § 7.

The Alabama statute is the same as ours, and there it has been expressly decided that the statute is a bar, where *all* the plaintiffs were infants at the time the cause of action accrued, and one was still an infant when the suit was commenced. *Hardeman et al.* v. *Sims et al.*, 3 Ala. R. 748; Aiken, Ala. Dig. 270, § 70.

*Harrison* and *Matthews*, for defendants in error.

Warren Masters was in Alabama when our cause of action accrued, and his removal to this state was unknown to defendants in error, until just before suit brought. Our High Court has decided, that the saving of the statute applies to a case where a party has not removed to the state, as well as to one who has left it and returned. 5 How. 258.

And it is not sufficient that the person has returned or removed to the state, but that fact must be, or could have been known to us by ordinary diligence. And the proof of this is on the party pleading the statute. 16 Pick. R. 359.

There is no proof that Masters' removal to this state was notorious, or that we knew anything about it until we brought suit. The cause of action accrued the 16th of August, 1843. Archer T. Dunn (the oldest,) was born September, 1823; J. B. Dunn, 1825; and Mina, the youngest, 15th of August, 1828. All were minors at the time the cause of action accrued—all under disability. This disability was not removed from all of them

until August, 1849, and the suit was commenced the 20th of May, 1851—within less than three years.

We contend that the statute did not commence to run until the disability was removed from all, inasmuch as they were all minors when the cause of action accrued. *Shute* v. *Wade,* 5 Yerg. R. 1, 17; 1 Swan. R. 501; *Heron* v. *Marshall,* 5 Humph. R. 443; 1 Brev. R. 326, 329.

When all to whom title descends in *coparcenary* are under disability, all are protected, until the disability is removed as to all. *Riggs* v. *Dooly,* 7 B. Monr. 236; 2 Litt. 113; 3 Monr. 146, 161.

This is in analogy to the rule, that where several disabilities exist in a person, such as infancy and coverture, at the time the cause of action accrues, the statute will not begin to run until all are removed. 5 Cow. R. 74; Angell on Lim. 149, 150, 151; 17 Ves. 87. And the analogy holds further. In the last case, cumulative disabilities are disallowed. For instance, if the coverture did not exist at the time the cause of action accrued, although it took place before the infancy was removed—still you cannot tack the two together. So in the first case; if one of the parties be of age at the time the action accrues, the statute will run; and such an one cannot be aided by the infancy of others jointly interested with himself. It appears to me, that the analogy is complete, and that the reason which upholds the one, will maintain the other.

The 94th section of the act of 1822, (Hutch. Code, 825, § 7,) containing a saving clause in favor of minors, &c., in certain cases, was not repealed by the act of 1844. 23 Miss. R. 69; 24 Ib. 467. The difference between the Tennessee statute and ours, in phraseology, is not sufficient to impair the value and authority of the decisions from that state.

The case from Cranch, relied upon by plaintiffs in error, does not touch the question. The point was not made by counsel, or noticed by the court. See the able review of that decision by the court, in the case of *Shute* v. *Wade,* 5 Yerg. 1.

I believe this point is now raised for the first time in this court.

SMITH, C. J., delivered the opinion of the court.

This was an action of detinue, brought by the defendants in error, to recover a slave, which they claimed as a legacy under the will of Archer Burton, deceased, who died in the State of Alabama, in 1832.

No question is raised in reference to the title of the plaintiffs in error, derived under the will. But the plaintiffs in error having pleaded and insisted upon the Statute of Limitations in the Circuit Court, contend here, that the said statute barred the action ; and hence claim a reversal of the judgment.

The cause was submitted to the jury, upon an agreed state of facts. From these it appears, that the right of action of the defendants in error, accrued on the death of their mother, Mrs. Mina Dunn, who held a life estate in the subject of the controversy, which occurred on the 15th of August, 1843 ; and that Archer T. Dunn was born in September, 1823; Josiah B. Dunn, in 1825, and Mina Dunn, the wife of Samuel Parker, in 1828. Consequently, neither of these persons who are defendants in error, was of full age when the right of action arose.

It appears, further, that Josiah B. Dunn, one of the defendants in error, came to Mississippi in 1845, having never before that time been within the jurisdiction of this state. That Warren Masters, the intestate of the plaintiffs in error, having purchased the slave in controversy, from one Davis, in the State of Alabama, brought him into Mississippi in January, 1845 ; and that the said Masters held continued and adverse possession, claiming absolute ownership in the slave, until his death, which occurred some time after the institution of this suit.

This action was commenced on the 20th of June, 1851. Masters, through whom the plaintiffs in error claim title, was consequently in possession of the slave, claiming him as his absolute property for a period of more than five years next preceding the commencement of this suit. When Masters removed within the jurisdiction of this state, bringing with him the slave, its laws attached. It will, therefore, not be questioned, that the Statute of Limitations barred the action and vested in him a perfect title, unless the defendants in error are within the saving of the statute, in regard to persons " under the age of twenty-one, *femes covert*," &c.

Archer T. Dunn was over the age of majority when Masters came with the slave into this state; Josiah Dunn was of full age in 1846, and Mrs. Mina Parker did not attain the age of majority until the 15th of August, 1849, which was consequently within the three years next before the suit was brought. From this it is seen, that although the statute had not run out in reference to Mrs. Parker, the bar was complete as to the other two defendants in error, when suit was commenced. For this reason it is, that as part of the defendants in error were incompetent to sue, the bar presented by the plea was good as to all.

In the case of *Marsteller et al.* v. *McLean*, 7 Cranch, 156, it was said by Judge Story to be a settled rule, that all the plaintiffs in a joint action must be competent to sue, otherwise the action cannot be supported. He cites *Perry* v. *Jackson*, 4 Term R. 516, which was probably the first, and is the leading case on the subject. These cases have been followed by the courts in this country; and is unquestionably the rule generally recognized in cases in which one of the plaintiffs was under no disability to sue when the right of action accrued.

The rule in *Marsteller* v. *McLean* is laid down in the broadest terms, and would seem to be applicable in all cases, whether all or only some of the plaintiffs in a joint action, were laboring under a disability to sue at the time the right of action accrued.

But it is worthy of remark, that in the case cited from Durnf. & East, which was a suit upon a bill of exchange, brought by co-partners, only one of the plaintiffs was within the saving in the statute, in regard to subjects who were resident beyond seas; and that the reasoning of Lord Kenyon shows very clearly, that the judgment would have been different, if all the plaintiffs had been within the saving when the cause of action arose; and that in *Marsteller* v. *McLean*, although this question was presented by the record in that case, no distinction was taken between cases in which one of the parties is not under disability at the time the action accrues, and where all are. The distinction appears to have escaped the attention of the counsel and the court. It is possible that a different result, in any event, would not have followed. It

is certain, however, that the learned judge, without referring to the statute of Virginia on the subject, or commenting upon the manifest difference between these cases, applies the rule in *Perry* v. *Jackson*, which was laid down in reference to a very different state of facts.

Great respect and deference is due to so exalted and learned a tribunal; and we should not, without some hesitation, dissent from any opinion expressed by it, even in reference to our own statutes, designed exclusively for the regulation of the domestic concerns of the citizen, the construction of which, is the exclusive province of the state courts. But the decision of the Supreme Court in *Marsteller* v. *McLean*, was not a decision made upon our statute, nor in direct reference to any other statute. We may, therefore, disregard it as an authority in deciding the question, whether in cases like the one at bar, in which all the persons entitled to a joint action are within the age of majority when the cause of action accrues, the statute runs against any until the disability of infancy is removed as to all?

This question must be determined by the proper construction to be put upon the language of the statute, which is as follows:— " If any person or persons, who is, or are, or shall be entitled to any of the actions specified in the three preceding sections of this act, is, or are, or shall be at the time of any such action accruing, within the age of twenty-one years, *feme covert*, or insane, then such person or persons shall be at liberty to bring such action, so as he, she, or *they*, institute, or take the same within such time as is before limited, after his, her, or *their* coming to or being of full age, discovert, or of sane memory, as by other person or persons having no such impediment, might be done."

Under statutes similarly worded and of identical meaning, it has been held generally by the courts in this country, that if one of several persons entitled to a joint action be under no disability, from infancy, coverture, &c., when the right of action accrues, the statute will run as to all. The reason is obvious. The words of the statute, in their plain and literal meaning, " do not apply to such a case; they extend only to cases in which the person, in-

Masters et al. *v.* Dunn et al.

dividually, a single plaintiff, or persons in the plural, when there are several plaintiffs, are all under" such disability.   When several persons, collectively or jointly, have a right of action, it cannot be said that *they* are infants, if one of them be over the age of twenty years.   Persons thus situated, having a joint right of action, are clearly not within the saving.

The same principle, applied to cases in which all the persons having a joint action are under disability when the cause of action accrues, shows conclusively, that the statute does not run until such disability is removed as to all.   The words of the act, in their plain and literal signification, extend to such cases; and necessarily prevent the running of the statute, until all the persons entitled to a joint action are relieved from disability.

We cannot better illustrate this proposition, than by quoting the language of the Supreme Court of Tennessee in *Shute* v. *Wade*, 5 Yerg. 1, in which this precise question is considered in reference to the saving clause in the act of 1715, chap. 27, § 9, of that state, which substantially, is the same as ours.   The court say :— " But if all the persons entitled to a joint action are within the age of twenty-one years at the time such action accrues, then the action is within the saving, until 'they' who are entitled to it, shall become of full age.   As the word 'they,' in the former case, includes all those entitled to the joint action, and one of them not being within the age of twenty-one, all of them are excluded from the saving; so in the latter case, if all are within the age of twenty-one when the action accrues, and so are within the saving, all must continue within the saving so long as one of them remains under the age of twenty-one, for until then, '*they*' have not attained 'their' full age."

In the case above referred to, which was an action of trover, the cause of action accrued when all of the plaintiffs were within the age of majority.   The statute bar was relied on as a defence to the action; but the court held, in accordance with the view above expressed, that the bar did not attach until all of the plaintiffs had arrived at the age of twenty-one years.   And such seems to be the settled doctrine in that state.   *Wade* v. *Shute*, 5 Yerg.

1; *Heron* v. *Marshall*, 5 Humph. 443; *Wells et al.* v. *Ragland*, 1 Swan, 501.

The same operation has been given by the courts of Kentucky to the eighth section of the act of that state concerning limitations, which in no material respect differs from the statutes of Tennessee and this state, on the same subject. *Jones* v. *Henry*, 3 Litt. 48; 7 B. Monr. 236; 3 Monr. 63;. Ib. 146.

In the State of South Carolina it is the settled rule, that in trespass to try title to land, the minority of one co-tenant would prevent the operation of the Statute of Limitations. *Gourdine* v. *Theus*, 1 Brev. 326; *Henry* v. *Mears*, 2 Hill, 333. In suits at law, for the recovery of personal property, a different rule is applied; and it is holden, that in such an action by several joint plaintiffs, to which the Statute of Limitations is pleaded, one party not barred, may recover to the extent of his interest, and the others fail. 2 Ib. 329. But in that case, one of the plaintiffs was of full age when the right of action accrued. It is therefore no authority in the case under consideration.

We have been cited to a decision of the Supreme Court of Alabama, in which, as stated by counsel, the rule laid down in *Marsteller* v. *McLean*, was expressly applied in a case, in which all of the plaintiffs were under disability at the time when the cause of action accrued; but we have not had access to the volume containing the decision.

Upon the most mature consideration which we have been enabled to give the subject, the rule recognized by the courts of Kentucky and Tennessee, appears to us to be the correct one. We, therefore, are of opinion that the Statute of Limitations did not commence to run until Mrs. Parker was of full age, and consequently that the action was not barred.

Judgment affirmed.