# Supreme Lodge and Chicago Lodge 932, Knights of Honor, v. Otto Goldberger and Fred. Goldberger for Use of Anna Beresh.

1. Beneficiary Societies—*Failure to Furnish Blanks for Proof.*— Where the supreme lodge of a beneficiary association declines to furnish the necessary blanks for proofs of death to the representatives of a deceased member, and voluntarily casts upon its subordinate lodge the burden of supplying the required proofs, it in effect relieves such representatives from all obligation in that behalf; and when such burden is upon the subordinate lodge the supreme lodge can not set up as a defense the failure of the subordinate lodge to act.

2. Judgments—*Error in Entering—How Cured.*—When an error occurs in the entry of a judgment by the trial court, against two defendants instead of against one, the Appellate Court will reverse the case and remand it to the trial court with instructions to enter the proper judgment upon the verdict.

**Assumpsit**, on a beneficiary certificate. Error to the Circuit Court of Cook County; the Hon. Francis Adams, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded with instructions. Opinion filed December 16, 1897.

Ashcraft & Gordon, attorneys for plaintiffs in error.

The court erred in rendering judgment against the defendants jointly, having no jurisdiction over one. The judgment being a unit should be wholly reversed. Brockman et al. v. McDonald, 16 Ill. 112.

R. D. Coy and Victor I. Orhenstein, attorneys for defendants in error.

Assuming that these were really two distinct and individual defendants, as named in the title of the case, it appears that one of them, Chicago Lodge 932, was never in court, not named in any summons, and not declared against, hence its remedy is not by writ of error to this court. Nor should the real defendant, the Supreme Lodge, be heard to complain of the alleged error, of being jointly liable on the judgment, for the reason that the alleged error in no way affects its rights. " Error without prejudice is no ground for reversal."

Moses v. Loomis, 55 Ill. App. 342; Neufeld v. Rodeminski, 144 Ill. 83.

Mr. Justice Sears delivered the opinion of the Court.

This action was brought by defendants in error against the Supreme Lodge Knights of Honor and Chicago Lodge No. 932, Knights of Honor, plaintiffs in error, upon a certificate or policy of life insurance. No summons was ever issued or served on either of the defendants and no appearance was ever entered by Chicago Lodge No. 932, Knights of Honor, one of the plaintiffs in error. The declaration as originally filed, is against the Supreme Lodge Knights of Honor and Chicago Lodge No. 932, Knights of Honor, and alleges that the Supreme Lodge Knights of Honor issued a benefit certificate on the life of Eugene Beresh for $2,000, payable to defendants in error upon satisfactory evidence of the death of Beresh, and alleges that Beresh died on December 28, 1893. A demurrer was interposed to this declaration by the Supreme Lodge Knights of Honor, which was confessed, and afterward an amended declaration was filed alleging that the Supreme Lodge Knights of Honor issued the benefit certificate; that it maintained a branch or subordinate lodge known as Chicago Lodge No. 932, Knights of Honor, and described the benefit certificate as in the original declaration. To this declaration the Supreme Lodge Knights of Honor filed a plea of non assumpsit. On the trial the declaration was amended by inserting a copy of the benefit certificate, the plea standing to the declaration as amended. The trial resulted in verdict and judgment against plaintiffs in error.

It is contended by counsel for plaintiffs in error that the evidence is insufficient to sustain the verdict. There was a sharp conflict in the evidence as to death, but there was enough, if credited, to sustain the finding of the jury that it was the assured who died in December, 1893, at the Cook County Hospital. The records of the county hospital showed the death of a patient named Eugene Beresh upon

December 28, 1893.   A witness, O'Keefe, testified positively
that he had known the assured in the year 1888; that wit-
ness and the assured had worked together for one of the
street car companies; that in December, 1893, the assured
was brought to the county hospital, where witness was then
a patient; that witness conversed with the assured at the
hospital, and that during such conversation recognition was
mutual, each remembering the other as a former acquaint-
ance; that they talked of the relatives of each, the assured
inquiring as to witness' mother, and witness inquiring as to
the wife and children of assured.   The witness further testi-
fied to the death of assured on the 28th of that December,
and that he saw him after death, and placed screens about
the bed upon which the dead body was laid.

The receipt and testimony of an undertaker tended to
show that the body of the patient. Beresh, was removed
from the county hospital to a medical college.   There was
other evidence of a less positive and less reliable nature
tending to identify a dead body discovered at the same
medical college as the body of the assured.

We think that the evidence was sufficient to warrant the
finding of the jury as to the death of the assured.

It is contended that the evidence fails to show that such
proofs of death as were required were made by defendants
in error, before bringing suit upon the policy.   It is true
that the evidence is scant as to what proofs of death were
made by defendants in error before bringing their suit, and,
if upon all the facts disclosed it could be said that the fur-
nishing of such proofs by defendants in error was an essen-
tial before suit, there might be grave doubt of its sufficiency.
But the following letters appear in the evidence, written by
an officer of plaintiff in error the Supreme Lodge, who is
known as the "Supreme Reporter" of such lodge:

"ST. LOUIS, Mo., July 21, 1894.

V. I. OHRENSTEIN, ESQ., Chicago, Ill.:

Your favor of the 19th inst., with reference to the death
of Eugene Beresh, is received.   I can not send the papers
for proofs to you.   They must be sent to the lodge, as the

law requires. When the blanks have been filled and forwarded by the lodge we will then have the affidavits to which you refer to aid the establishment of death and identity.

It has been claimed this man has been seen by various persons since the date of his alleged death. It is our desire to pay all claims as soon as we have proofs of the death and identity of the member.

(Signed)     B. F. NELSON."

"ST. LOUIS, Mo., July 28, 1894.

V. I. OHRENSTEIN:

With reference to the case of E. Beresh, I have forwarded blanks to the lodge, by whom they will be properly prepared and returned to me.

(Signed)     B. F. NELSON."

By these letters the Supreme Lodge distinctly declined to furnish necessary blanks for proofs of death to the representative of defendants in error, and in effect thereby relieved defendants in error from all obligation in that behalf, and voluntarily cast upon its subordinate lodge the burden of supplying the required proofs. When such burden is upon the subordinate lodge, the Supreme Lodge can not set up as a defense the failure of the subordinate lodge to act. 4 Joyce on Insurance, Sec. 3310; Sup. Council, etc., v. Boyle, 37 N. E. Rep. 1105.

The refusal of one instruction tendered by plaintiffs in error is complained of, viz., the fifth. The abstract proposition therein contained is sufficiently stated in more proper form, as applied to the facts of the case, in instruction number four which was given.

But there is error assigned in that although one defendant, viz., the Chicago Lodge, had never been served with summons and had never appeared, yet the judgment runs against both.

This error was undoubtedly a matter of oversight, and would, beyond question, have been corrected in the trial court had the attention of the learned judge who presided there been called to the discrepancy. The judgment is a

unit, and because of this error must be reversed; but, inasmuch as the evidence supports the verdict as to the plaintiff in error which was in court, viz., the Supreme Lodge Knights of Honor, the Circuit Court is directed to enter judgment upon the verdict against the Supreme Lodge Knights of Honor. Reversed and remanded with instructions.

Presiding Justice ADAMS took no part in this decision.