# Anna Beresh et al., Appellees, v. Supreme Lodge Knights of Honor, Appellant.

## Gen. No. 15,006.

STATUTE OF LIMITATIONS—*when joint action not barred on account of infancy.* If an action be not severable, if it is not barred as to one of the parties on account of his infancy at the time the cause of action arose, it is not barred as to either of the parties.

Assumpsit. Appeal from the Circuit Court of Cook county; the HON. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed December 22, 1911.

Ashcraft & Ashcraft, for appellant; E. M. Ashcraft, of counsel.

Kraus, Alschuler & Holden, for appellees.

Mr. Justice Clark delivered the opinion of the court.

On October 3, 1893, Eugene Beresh became a member of a subordinate lodge of appellant, and there was issued to him a policy or certificate for $2,000 payable upon his death to Otto and Freddie Goldberger. In the application Beresh stated the Goldbergers were his nephews. Beresh died in December, 1893, and in February, 1895, Otto and Freddie Goldberger brought suit for the use of Anna Beresh, the wife of the insured, against the appellant. In 1896 a judgment was recovered in this suit. On appeal to this court the judgment was reversed because Chicago Lodge No. 932 of appellant was improperly made a party to the judgment, although it had never been served with process. In the order reversing the judgment the Circuit Court was directed to enter judgment against the Supreme Lodge Knights of Honor alone. Supreme Lodge v. Beresh, 72 Ill. App. 320. The order of this court was reversed by the Supreme Court because such judgment was improperly directed to be entered. 175 Ill. 19. In 1902, on the case being redocketed in the Circuit Court, the defendant, who is the appellant here, interposed pleas alleging that the plaintiff had no insurable interest in Beresh and that he had falsely stated they were his nephews. After a demurrer to these pleas had been overruled appellees Anna and Edward Beresh were substituted as plaintiffs and a new declaration was filed. This declaration alleges that on the third day of October, 1893, defendant was a mutual benefit order having subordinate lodges; that among the objects of defendant, as declared in its constitution and by-laws, was the promotion of benevolence and charity by establishing a Widows' and Orphans' Bene-

fit Fund, from which on the death of the member a
sum not exceeding $2,000 should be paid to such mem-
ber or members of his family, blood relations, or per-
son or persons dependent upon him, as he might direct
by name.    That on the third day of October, 1893,
there existed in Chicago a subordinate lodge, Chicago
lodge No. 932, and on that date Eugene Beresh was a
member of said lodge, and that on that date defendant
issued and caused to be delivered to Beresh a certifi-
cate of membership which is set out *in haec verba*.

Plaintiffs allege that by the constitution of the de-
fendant it was provided that each applicant should en-
ter upon his application for membership the names
and relationship or dependence of the members of his
family or those dependent upon him to whom he de-
sired his benefit paid; that Eugene Beresh entered
upon his application the name of Otto and Freddie
Goldberger and stated that they were related to him
as nephews and they were included in said benefit cer-
tificate as beneficiaries; that Otto Goldberger and
Freddie Goldberger were not the nephews of Beresh
and were not members of his family, nor blood rela-
tives, nor dependent upon him, and were ineligible to
take the benefit of the provisions in the certificate men-
tioned; that at the time Eugene Beresh died he was in
good standing; that proof of death was made, and
plaintiffs were members of his family; that Anna Ber-
esh was his wife and Edward Beresh his adopted son;
that they lived with him and were dependent upon him,
and that by reason of the premises, they were entitled
to the money.

The second count of the declaration is substantially
the same as the first, except it does not allege that the
plaintiffs were living with Beresh or that they were de-
pendent upon him.    To these two special counts the
common counts were added.

To this declaration the defendant interposed a plea
of the statute of limitations, alleging that the causes of

action in the amended declaration did not accrue to the plaintiffs at any time within five years before the commencement of the suit by the filing of the amended declaration.

Three replications were filed to this plea. The first replication sets up facts from which it would appear that the cause of action set out in the amended declaration is the same as that set out in the original declaration. The second sets up facts from which it would appear that the plaintiff Edward Beresh did not become of age until April 16, 1902, which was less than two years prior to the filing of the amended declaration; and the third that the suit was upon an instrument in writing, and that the cause of action did accrue to the plaintiffs within ten years next preceding the filing of the amended declaration.

Appellant filed a demurrer to each of the three replications. The court overruled the demurrer to the second replication, but sustained those to the first and third. The appellant elected to stand by the demurrer to the second replication, and judgment was entered against it for the amount of the certificate, viz.: $2,000 with interest thereon from the time Anna Beresh and Edward Beresh were substituted as plaintiffs. From this judgment this appeal was taken, and assignments of errors and cross-errors have been filed. The errors assigned by the appellant relate to the overruling of the demurrer to the second replication. The cross-errors assigned by the appellees relate to the sustaining of the demurrer to the first and third replication.

In the view we take of the case, the only question that needs to be considered, save that as to the allowance of interest, is the action of the court in overruling the demurrer to the second replication. The point in question seems never to have been decided in this State. Elaborate briefs filed show the extensive research which counsel have made for authorities bear-

ing upon the proposition, and we are favored with citations to many cases.

The language of the Statute of Limitations is:

"If the person entitled to bring an action mentioned in the nine preceding sections is, at the time the cause of action accrued, within the age of 21 years * * * he or she may bring the action within two years after the disability is removed."

The question we are called upon to decide is whether or not the exception which extends to the appellee Edward Beresh because of his minority, is one that relates only to an action which may be brought solely by him, or whether it extends also to an action which must be brought by him jointly with another.

The contention of the appellant is that the statute contemplates only a protection to an infant, lunatic, or other person, who has vested in him a sole cause of action. The appellees, on the other hand, insist that the protection extends to him also in a case like the one which we are now considering, in which the claim sued upon is joint. The argument of appellant is that the statute of limitations as incorporated in the laws of this State is clearly of English origin; that it was interpreted in respect to the point now under discussion by the Supreme Court of the United States before it was enacted by the General Assembly of the State of Illinois, and that the construction so placed upon it must have been in the contemplation of the General Assembly and the enactment made with this construction in mind.

In Marsteller v. McLean, 7 Cranch, 156, Mr. Justice Story, speaking for the court, said: "It seems to be a settled rule that all the plaintiffs in a suit must be competent to sue, otherwise the action cannot be supported."

In Davis v. Coblens, 174 U. S. 719, language used by the Court of Appeals is quoted, to the effect that the rule is a hard one, but that the Court of Appeals of the

District of Columbia is bound by the decision of the Supreme Court of the United States in Marsteller v. McLean, *supra,* and that as there has been no legislation affecting the rule of practice in the District of Columbia the courts of that district are bound to obey the rule as laid down by the Supreme Court.

In several states as well as in the District of Columbia the rule so laid down seems to have been consistly followed, upon statutes similar to that of Illinois, notably in Kentucky, North Carolina and Tenessee. Baker v. Grundy's Heirs, 1 Duvall (62 Ky.) 281; Weare et al. v. Burge et al., 10 Ired. (N. C.) 169; Allen v. Farrington, 2 Sneed (34 Tenn.) 526.

In other states having similar statutes the contrary rule has been established as to causes not severable, notably in Ohio, South Carolina and Connecticut. Meese v. Keefe, 10 Ohio 362; Powell v. Koehler, 52 Ohio St. 103; Sanford et al. v. Button et al., 4 Day (Conn.) 310; Garett v. Weinberg, 48 S. C. 28.

In Meese v. Keefe, *supra,* this rule is laid down:

"Where common interests can be severed the protection extends no further than to him within its protection; but where no such severance can be made and the protection of the statute cannot be secured without covering other interests, the benefit of the statute claimed by one avails all."

In Moore v. Capps, 4 Gil. 315, the Supreme Court of this State had before it a somewhat similar question upon a writ of error sued out from that court. In that case the statute of limitations was pleaded to a writ of error brought by several plaintiffs, and replication that two of them were still infants and that another arrived at full age within five years next before the suing out of the writ of error. It was held that the statute permitting any one of several parties to remove a cause by appeal or writ of error into the Supreme Court (and to use the names of others, if necessary), those plaintiffs in the case who had been of

full age more than five years could not avail themselves of the non-age of some of their co-plaintiffs to accomplish indirectly what they would not be allowed to do directly. The court said: "The supreme court of Kentucky held under a statute precisely like this, that where some of the plaintiffs in a writ of error were within the saving clause of the statute, the case was saved as to all of the plaintiffs. Kennedy v. Duncan, Hardin's R. 365. The decision, however, was put expressly on the ground that the parties could not sever, but must all join in the writ of error; and as those of full age could not maintain a several writ of error, and had not the right of compelling the infants to join with them, the saving for the benefit of the infants must necessarily accrue to the benefit of the adults; otherwise, the latter would be deprived of their right without their fault." The court then goes on to say that *such would undoubtedly be the rule here* but for the provision of the statute, under which either one of two or more persons against whom a judgment or decree may be rendered shall be permitted to remove the suit to the Supreme Court by appeal or writ of error, and for that purpose may use the names of all persons, if necessary.

In some of the cases to which we have been referred it has been suggested that the harshness of the rule is mitigated by the fact that in a suit brought by an adult where a minor is a necessary party, the minor may be joined and be represented by a guardian or next friend. If, however, a guardian or someone acting as next friend did not join in the proceeding as suggested, then the minor upon reaching his majority would find himself helpless, although without fault himself, and thus the protection with which the statute seeks to surround him would be destroyed.

In the present case, in the suit originally brought by the Goldbergers the appellee Anna Beresh was named as usee. After years of litigation it was determined

that the right of action against the appellant, if it existed at all, was in Anna Beresh and her adopted son, the appellee, Edward Beresh.    Thereupon appellees were substituted as parties plaintiff.    At the time of this substitution the statute of limitations had not run as against the appellee Edward Beresh.    If he is not now permitted to maintain the suit because of the fact that the statute of limitations has run as against the co-appellee, then to use the language apparently adopted by the Supreme Court in Moore v. Capps, *supra,* he would be deprived of his right without his fault.

As a rule must now for the first time be established in this State, we think it should be based upon what seems to be the more equitable doctrine, announced by the Supreme Court of Ohio as heretofore indicated, and by the courts of other states which have arrived at a similar conclusion, as did the learned judge by whom the present case was heard in the Circuit Court.

We think no error was committed by the trial judge in allowing interest.    Grand Lodge B. of L. F. v. Orrell, 206 Ill. 208.

As we find no error in the record, the judgment must be affirmed.

*Judgment affirmed.*