Chief Justice Boyle
delivered the opinion of the court.
⅜⅛ was an action of ejectment. A joint demise by Robert Armstrong, James L. Armstrong, John Armstrong, anaWilliam Armstrong, is laid in the declaration. After issue had been joined,'and a verdict for the'plaintiff, the parties made an agreed case, from which it appears that a a patent from the commonwealth, bearing date the day of issued to Robert Armstrong for the land in controversy. That Robert Armstrong departed this life on the 26th of April, 1811, having previously made and published his last will in writing, whereby he devised the said lands to the lessors of the plaintiff. That the said de-visees were, at the death of their testator, above the age of twenty-oné; and that James L. Armstrong, one of said de-visees, at and prior to the death of the testator, and ever since, has been a resident of the state of Tennessee: That the defendants have title under grants from the commonwealth, of younger date than the patent of Robert Armstrong, and that they settled under such title in the year 1794, and have ever since resided thereon, a period of more than twenty years before the commencement of this suit. The parties agreed, that if upon this case the law was in whole or in part for the plaintiff’, judgment should be rendered upon the verdict accordingly; and that if the law was for the defendants, the judgment should be entered for them, notwithstanding the verdict.
The court below being of opinion that the law ivas for the plaintiff, as to one undivided fourth párt, gave judgment accordingly, from which this appeal is prosecuted.
Whether the statute of limitations operates as a bar to the plaintiff’s recovery, in whole or in part only, is the main point which the case presents.
As the defendants were admitted to have been in possession under an adverse claim for more than tw’enty years prior to the commencement of the action, it is clear that the statute which prohibits the entry of any person into land but within twenty years next after the right accrued, must be a bar to the recovery, unless the lessors of the plaintiff, or part of them, be within some one of the exceptions of the statute. Whether this is the case or not, must de *40 pend upon the construction which ought to be given to the language used in the statute.
After the enacting clause, it is provided — “ That if any “ person or persms entitled to such writ or writs, or such ⅜⅛ or title of entry, as aforesaid, shall be or were “ under the age of twenty-one years, feme covert non compos mentis, imprisoned or hot within this commonwealth, ^nle suc^ right or title accruing, or coming to “ them, every such person, and his or her heirs, shall, not- “ withstanding the said twenty years are or shall be expired, bring and maintain his action, or make his entry within “ two years next after such disabilities removed, or death “ of the so disabled, and not afterwards.”
The opinion of the court below seems to have been predicated upon the idea that the absence of one of the lessors of the plaintiff, from the commonwealth, brought him within this clause, notwithstanding tlie other lessors of the plaintiff, did not appear to be within any of the exceptions it contains. This idea would have been correct, no doubt, if the devise to the lessors of the plaintiff had been of ari estate in severalty, or in common, for in either of these cases, their right or title would have been several, and each of them might have maintained his several action. But as the devisee is admitted to have been made to them in general terms, without any modification or restriction, we must assume the estate they took to be a joint one, and consequently that their right-or title is joint. It would seem, therefore, that to bring any one of the lessors of the plaintiff, within the influence of the clause before recited, the others must also be shewn to be within some of the exceptions it contains. For the right to bring an action, or make an entry, after the expiration of twenty years, is granted only upon the condition that the person or persons entitled to such action, or such right of entry, shall labor under some of the disabilities mentioned; that is, if any person is entitled, where there is but one having a several right or title; or if any persons entitled, where there is a plurality of persons having the title, be within some of the exceptions mentioned, in such case, and not otherwise, is the right of action or right of entry saved. The expression, “if any person or persons entitled, &c. were or shall be under the age of one and twenty years, -&c.” is in point of grammatical propriety, susceptible of no other construction. Besides, upon any other construction, the ten» “ persons” in the plu - *41 fal after the expression “ any 'person” in the singular hum-ber had been used, would be nugatory and inoperative; and it is a rule in the exposition of a statute, that it shall be so expounded that not only every clause, but every word, shall have some operation and effect. In fortification of this construction we may remark, that the saving in the statute in relation to personal actions, is couched in similar language, and that the supreme court of the United States has given to it the same exposition which we have to the clause under consideration: 7 Cranch, 156. A majority of the court are therefore of opinion, that on this ground the judgment of the circuit court is erroneous.
Bibb for appellant, Hardin for appellee.
In a joint demise by se-have’^ri^ht of entry; dr none can re-
Judge Logan, who dissents from the foregoing construction of the statute, concurs, however, with the circuit court in the opinion, that the right only of the lessor, who labored under a disability, was saved, arid that the right of the others Was tolled by the statute. And; áccording to this construction, we are all of opinion, that the judgment should have been entered on the agreed case for the defendants; for as the right is only shewii to have been in one, he could not recover upon a joint demise with others having no right. — Running upon Eject. 221 — 2.
Judgment reversed with cost, and the cause that judgment may be entered for the defendants.