Judge Owsley
delivered the opinion of the court.
This is an appeal from a judgment rendered against the *316 appellant, in an ejectment, brought by him to recover the possession of a tract of lancKp Henry county. The
Ifstrickea * off to the monwealth ment”0""t-x"" es and re^ deemed "by their pay-the^time^ii" mitedbylaw, the owner i-íds^mAgánales‘-right. The regís-ter’s reseipt toprov? tr?e redemption.
The rjvne appellant asserted his claim by a conveyance from Philip Barbour, who is proven to be the heir at law of Philip Barbour dec. to whom the patent for the land issued from the commonwealth of Virginia in 1785.
Upon the trial, which was had on the general issue, it was proven, that before Taylor obtained the conveyance from Barbour, the land was sold and stricken off to t he state, by the register, for the non-payment' of its taxes;' but as it moreover appeared, that Taylor had, by a subsequent payment of the taxes, redeemed the land, the court instructed the jury, that in consequence of the sale, by the register, the title of Taylor could not be defeated.
But it being also proven that the ancestor of the appel-lee having, subsequent to the date of Barbour’s patent, entered upon and took the possession of the land in contest, under an adverse claim, and having continued that possession for upwards of five years before his death, the court instructed the jury, that by the descent from Steele to his heirs, the right of entry which was conferred upon Barbour by the patent, and which is now claimed by Taylor, was defeated, and that the appellant could not consequently recover in the present contest.
Whether, therefore, that court decided correctly in giving the constructions upon those fwo points, aré the only enquiries to which the attention of this court need be directed.
That Taylor’s right to recover cannot be defeated by the of the register, vye have no doubt. .
He was clearly allowed, by the provisions of the law un^er which the sale wasTnade, time to redeem, and as he is proven to have accordingly made the redemption, unless in some other way divested, the title must continue to reside jn ⅛⅛. >
The redemption, it is true, was proven by no other evi-dcnce than that of the register’s receipt, but as he appears to have been authorised to receive the payment of the tax-no reason >s perceived against the admission of his receipt, for the purpose of proving the fact of redemption.
Taylor, then, notwithstanding the sale by the register, must ]⅛6 supposed to have become invested, by the deed from Rarbour, with the right conferred by the grant to the’ pa-tentee,, and as the patentee could have entered upon the *317 ¡and, so Taylor may now enter, unless his right of entry is taken away by the death of Steele. Whether, therefore, Steele’s death destroyed Taylor’s right, we shall next proceed to enquire?
0f a stranger on the lands another having1 seizin in law only, may he an ouster but is
\t common law the fact disseizin 'to tell the right of entry, it ™as th.e castr from a person having seizin ofthemhen-means,
fTlie rig'>t ⅞⅛ the póssess-uniawful- ^ obtai,'eA was a naked one, but the descent cast j^esof toH fealor ⅛ in possession ’ fore prima fa-lawful, ^ nbyu o^-dinary action
If, as was contended in argument, the dying seized, in no case, but where there has been an actual desseizin, tolls the right of entry, it follows that Steele’s death cannot have that operation. For as neither Taylor nor those through whom he claims, were ever actually seized, it is impossible that by Steele?s entry upon the land either of them can have been actually disseized. „
The entry of Steele under an adverse claim was, no doubt, an ouster as to those claiming under Barbour, but as it wás on ouster of the legal and not of the actual seizin, in contradistinction to the other species of ouster, by intrusion, abate-menl and deforcement, it cannot, upon any legal principle, be denominated an actual disseizin.
As well might the entry of a stranger upon the lands of an heir or a devisee, be denominated a disseizen, as the entry of Steele upon the lands in contest in the lifetime the patentee, Barbour, be so denominated.
In each case, as the person entitled to the land would have a right to enter, in legal contemplation, he may be said to be legally seized, but beiore an entry, in either case, as there can be no actual possession, neither can he be said to be in/act seized.
As the entry of a stranger, then, upon the legal seizin of the heir or devisee, is clearly, according to the settled doctrine of the common law, although an ouster, yet not a disseizin; so it follows that although by the grant Barbour obtained a legal seizin, yet the entry of Steele upon that seizin, although an ouster, cannot be denominated an actual disseizen ' Uisseizen.
. , But at common law an actual disseizin seems not to have been necessary to make the falling óf a descent toll an entry, but generally speaking, the right of entry is said to be defeated, by a descent from any person seized of the inheritance bv any unlawful means whatever. Coke on Lit. 237; 3 Com. dig. 483; 3 Blac. Com. 176.
That such a descent defeats the right to enter, seems ner cessarily to result, from the principles upon which that remedy obviously proceeds. For as it is in cases of a naked possession unlawfully obtained, that the rightful owner, by fhe common law, was permitted to regain his possession by *318 entry, it follows, that as by a descent the hen- conjes to tb$ land by act of law, his possession is prima facie lawful, and haying gained an apparent right of possession, cannot, ¡in general, be evicted but in the ordinary mode of action.
As the heir by t’the<des' cf-nt from one skz’aof tiie inheritance, epparentrig-’t of possession,. it was imma-v-haf i fousier the possessiou ot lhe, cibtatffed'
jneachihe r ghtfijl ow- ’ f-hu>fentr* "⅛⅛1 roust resort to his ac-tiai-i.
. By particu-iar statute, i'.w has* in cases of dis-f ⅞1’ Shar>Re as to'require 5 rears pus-session, tog-e-des-ent'c st to "toil the i-ight of en-'⅛¾ npt apply to ¡.ny other species of "
" a decent ⅛ no ,c tse tolls the r:ffht °^eelu covertdnfrnt6 person of ml iffnememorv, or (hose absent from the coitmtT, to none of- bora ⅛⅛ n-e as-cubed.
*318 ’ But as it is because of the apparent right of possession, §a'nei^ by.operation of law, that the rightful owner is not allowed to enter, it follows, that before he can become possessed of sucha right, his ancestor must at the time of his decease, have been seized of the inheritance; and, if sq seized, it, upon principle, is totally immaterial by wha^ speojes of ouster it may have been obtained,
For as to all the world but the rightful owner, an estate inheritance may be gained, either by a disseizin, an abatement, or intrusion, and when the possession- is unlawfully taken by a deforcement ttlso, it follows that by a des-? cent ⅛ cachease, gain precisely the same interest in the land, and consequently as respects all the world, he should, in every case, be viewed, upon common ^aw principles, in the same light. In either case the heir would be a defendant to the demandant’s precipe, and in every case, unless coming within some peculiar exception, the rightful owner should, to obtain the possession, resort to his remedy by action. '
With respect to a disseizin, it is true, the common law, |,y a statUte of England, re-enacted by file legislature of this country, has so far undergone a change, as to require a-possession for five years, and the casting of a descent to toll ^ie ^‘sse‘zees right of entry, but that statute is held not to aPP'y 1-° e^^er * ^u other species of ouster, nor to thf alienee qf a disseizor. Coke Lit. 238.
By whatever name-then, the ouster of Steele is called, as he was sgized of the inheritance, and continued in the possession for more than five years, his heirs, as they appear not to have otherwise become interested, must have come t° the estate by descent, and having gained an appa-., rent right of possession, could not, upon general principles, have been evicted by entry, and consequently should not, upon the same principle, succeed in the present contest.
to the general principle there are various exceptions, Thus, as infants, feme coverts, persons of unsound mind,- and those absent from the country, are not supposed to be guilty of any laches in failing to assert their right; after the removal of their disabilities, notwithstanding a descent may have been cast, they are allowed to obtain the possession *319 by entry. Littleton, sec. 402, 403; 3 Com. dig. 485; Blac. Com. 177.
When the rightful owner . cannot maintain lire-but has only a right of entry* his not ¡olid hy a descent cast and five, years lapse.
As the rightful owner can only nMUiita„¡n real action on oclual seizin wd taking explees,a des. cent cast and the lapse of uve yea¡ s do' not toll his right of entry, unless be hath had actual seizin.
So where there is a title of entry only, and no remedy by action, the easting of a descent is said not to take away the right to enter. 3 Com. dig. 486; Coke Lit. 240, let. b.
Unless, however, the case of Taylor falls within the latter of these exceptions, it is perfectly clear that his right of entry cannot, by reason of either of the former, be preserved. For although Barbour, the heir at law to the paten-tee, and under whom Taylor claims, is proven to have been an infant and absent from the country when Steele entered upon the land; yet it moreover appears, that at Steele’s death the heir had not only arrived at full age, but was also within the country.
And whether the case comes within the latter exception, turns upon the question, whether or not Barbour, the pa-tentee, without having entered upon the land, or obtained any other seizin than that conferred upon him by the grant, could have maintained any real action for the land?
He certainly could not, as ivas held by this court in the case of Buford against Speed, 3 Bibb, 57, and in the case of Hendly vs. White, spring term 1818, have maintained a writ of right. Nor do we suppose that such a seizin could have authorised him to bring any other real action.
That such a seizin is insufficient, is not onlv inferrible from the demandant’s count, invariably in each species of action, containing a charge of either himself or his ancestor having been seized by the taking of the explees; but it is moreover confirmed by the authority of Lord Coke upon the subject. For, says he, “because a devisee or patentee has but a title of entry, and no remedy by action, a descent will not toll their right of entry.” Coke Lit 240. See also Grounds and Rudiments of Law, 50, 51.
Because, therefore, the court below instructed the jury that Taylor’s right of entry was tolled by the descent from Steele, the judgment must be reversed with cost, the cause remanded to that court for further proceedings not inconsistent with this opinion.