The Chief Justice
delivered the opinion,
This is a writ of error brought by the defendants in the circuit court to a judgment rendered by that court for the |essors 0f the plaintiff, in an action of ejectment,
*Ve are of opinion that the circuit court erred in not in* structing the jury, at the instance of the defendants, that ^iey found that (be defendants, and those under whom ^e.V claimed, had been in the adverse possession of the land in controversy fortwenty years before the commencement of the suit, the right of the lessors of the plaintiff* was barred, and their verdict should be for the defendants,
The circuit court,seems to have refused to so instruct the jury on the ground, that some of the lessors of the plttiolifif were provéalo have been infants and femes covert-when the title accrued to them, and that they still remained so. But, according to the case of Dickey vs. Armstrong, 1 Mar. 39, unless the wholey of the lessors of the plaintiff were infants or femes covert, or labored uuder *463 some other disability, their right of entry would be tolled, and their case would ,not eotne within the saving, of . tbe statute of Ihpitations. ; ' ■ . t; *
^ deseeat .tie (leftshad hi*?» five yrs. piaintfs* right of entry '^⅛53 tfle *eivesjjad been in pos-
Talbot for plaintiff, Hardin for defendant.
It does not, indeed, appear how the lessors of thc-plain?-tiff claim title, whether as Copartners or as joint tenants,⅞ as tenants in common; nor is it material how they claim: For in:'feitber case, according 'to any opinion entertained, upon the subject, tbe'disability of some of them wouidnht save the right of the others; .and as. there is but one joint demise? laid in the declarationv-tbe-lessors of tbe plaintiff could only recover by shewing a joint right inithe whole of theHf as has béen repeatedly decided by this court*! ■ti; ¡,
As the judgment must be reversed, it may be proper to ' notice -an exception taken¾⅛ the part of the lessors of the plaintiff to the instruction's given by 'the circuit court to the jury, that for so much Of the land in 'contest as the aneestor of the defendants had been in the actual possession of for five years' before his death, theyigbt of Ule {«aso» loff the plaintiff was thereby' tolled. -This instruction,;, clearly erroneous; for as there was no 'evidence conducing to shew that the essors of the plaintiff,-or any one undejr wnom they claim, had ever been in the possession, a scent cast, after five years' possession, could not to)! their righf of entry, as was decided in the case of Taylor vs. Steele’s heirs, 1 Mar. 315.
The judgment reversed with costs, and tbe cauge remanded for new proceedings to be bad,: not inconsistent: with tbe foregoiog opinion. • r