## L. & N. R. R. Co. v. Goodman.

(Decided June 19, 1925.)

### Appeal from Kenton Circuit Court (Common Law & Equity Division).

1. Master and Servant—Evidence Held to Show Negligence in Furnishing Defective Oil for Brakeman's Lantern and in Operation of Train.—Evidence held to sustain allegations of negligence of railroad in furnishing defective oil for use in brakeman's lantern and in negligent operation of freight train, resulting in jerk of unusual intensity.

2. Master and Servant—Brakeman Does Not Assume Risk of Injury from Defective Oil in Lantern.—Brakeman on freight train does not assume risk of injury as result of poor quality of oil furnished for use in his lantern.

3. Master and Servant—Complaint Held to Warrant Instruction authorizing Recovery if Brakeman's Injury Resulted From Either or Both of Acts of Negligence Alleged.—Complaint in brakeman's action for injury, alleging negligence of railroad in furnishing defective oil for lanterns and in manner of handling of train, held to warrant instruction permitting recovery if injury resulted from either or both of such acts of alleged negligence.

4. Negligence—Recovery Authorized if Either Act of Negligence is Established.—There may be two proximate causes of same accident, resulting from two distinct acts of negligence, and if each of such acts is chargeable against same defendant he is liable for resulting injury, if either or both of alleged causes is established.

5. Negligence—Proximate Cause of Injury Question for Jury.— Where injury may have resulted from concurring causes, each the result of negligence of a different defendant, it may be left to jury to determine which defendant's negligence was proximate cause.

6. Damages—Instruction Permitting Recovery of Damages for Aggravation of Prior Injury Not Error.—Where evidence showed that brakeman's injury aggravated a prior injury, from effects of which plaintiff had largely recovered, instruction permitting recovery for loss of earnings, capacity to earn, and expenses incurred from such aggravation was not error.

WOODWARD & WARFIELD and S. D. ROUSE for appellant.

NORTHCUTT & NORTHCUTT and O. M. ROGERS for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

In April, 1920, appellee was employed by appellant as a brakeman on its freight trains. On the night trip

from Corbin Ky., to DeCoursey, Ky., he was injured just after the long train consisting of 58 cars, had come down a long winding hill south of Livingston.

His duties required him at times to be upon the top of the box cars, of which the train partly consisted, and in performing those duties it was necessary he should have and use a lantern at night, both for the furnishing of light for his own movements and the giving of train signals to other employes. Accordingly, before leaving Corbin, he was furnished with a lantern for such uses.

At a point a mile or two south of Livingston, and about the time the train had completed its descent of the long winding and steep hill, his lantern went out as he was stepping from the top of one box car to another, whereby he was thrown to his hands and knees on the top of and near the edge of the car to which he was stepping, and just at that time, as alleged, there was a violent and unusual jerk or jam of the train which caused him to be thrown between the two cars, and receive his injury.

Upon the trial there was a verdict for the plaintiff for $2,582.00, upon which judgment was entered, and from which this appeal is prosecuted.

The plaintiff himself was the only person present at the time of or immediately before the injury. His evidence in substance is that he had been furnished a lantern filled with oil by appellant's agents before starting on the north bound trip from Corbin, and that soon after starting he had trouble with his lantern which was burning imperfectly, and the wick therein charred to an unusual extent. That it was his duty before the train reached a point where it started down the long, winding and steep hill to turn on or put in operation some mechanical devices attached to the cars called retainers, which were intended to and did operate to aid in breaking or controlling the cars in going down the steep grade, and that at or about the time they reached the bottom of such grade it was his duty to turn off or release these retainers. He states that notwithstanding the faulty light furnished by his lantern he had about the time, or shortly after, the train started down the grade turned on six of these retainers; that his light had gone out once, and he had climbed down between two cars, and after fixing the charred wick had succeeded in relighting it, and when he climbed back on top of the cars he had gotten all of the re-

tainers, except two, down, when in attempting to step from the top of one car to the top of another his light again went out, and he fell on his hands and knees upon the edge of the car to which he was stepping, at which time, and while he was in that position, there was a sudden, hard and unnecessary jerk or jam of the train which threw him between the cars, and resulted in his injury. He stated that it was a most unusual jerk or jam of the train—in fact worse than any he had ever experienced. The allegations of the petition were put in issue in so far as the negligent acts complained of were concerned, as well as to the extent of the plaintiff's injuries, and in separate paragraphs assumed risk and contributory negligence are relied upon.

In the original petition it is alleged,

"That near the bottom of the said hill and on the night and at the time aforesaid plaintiff, while in the proper discharge of his duties as brakeman on the said train, attempted to step from one of the said cars to another, and that by reason of the carelessness and negligence of the defendant, its agents and servants in furnishing plaintiff with a defective light or lantern, the said light was extinguished and plaintiff was left in utter darkness; that at said time and place the said train, by reason of the carelessness and negligence of the said company, its agents and servants in charge thereof, gave a sudden and violent jam and jerk, which jam and jerk and the careless and negligent manner in which the said train was being operated, and the failure of the said defendant to furnish plaintiff with a good and sufficient light or lantern caused plaintiff to be thrown and fall between the cars of the said train."

In an amended petition it was alleged that the defective condition of the light or lantern was due to the bad and improper oil with which the same had been filled, and that defendant knew, or by the exercise of ordinary care could have known, the oil was bad and improper, and the lantern so equipped would not furnish a proper and sufficient light, but that plaintiff did not know that the oil so placed in the lantern was of such quality. It was then further alleged that the sudden and violent jam and jerk of the train, as stated in the original peti-

tion, was unusual and unnecessary, and due to the improper and unsafe manner in which the train was operated.

The first ground for reversal is that plaintiff did not sustain his allegation of negligence in either of the respects indicated; that his evidence failed to disclose any imperfect or faulty condition of the oil that was placed in the lantern, nor was it sufficient to show that the operation of the train was negligent, or the jam or jerk alleged of such intensity as to itself evidence improper or negligent operation. Clearly this contention must be denied, for as to the oil the plaintiff's evidence shows that he had trouble with the lantern from the very beginning of his trip, and that the oil was of such character as to cause the wick in the lantern to become rapidly charred and thereby bedim or lessen the light, and that his light because of these things had gone out once before that same night; and as the lantern itself is shown by the evidence to have been a new one it may be fairly assumed that the difficulty was with the defective oil. It is likewise plain that the plaintiff's evidence as to the nature of the jam or jerk which is alleged to have thrown him from the car, was of such violence according to his testimony as to evidence negligence in the operation of the train.

But it is said for appellant that it was entitled to a directed verdict because appellee assumed the risk of being injured as a result of the poor quality, if any, of the oil in his lantern. And in support of this view reliance is had upon that class of cases where it has been held that the company owed no duty of inspection of such a tool as a lantern, and that risk of cleaning and taking care of such was assumed by the employee. But the facts of this case distinguish it clearly from the cases where it is sought to establish and maintain a recovery upon the ground of a defective lantern itself; here the negligence relied upon is defective and unfit oil, a substance about which the ordinary employee would not be presumed to have any knowledge, and which unfitness could not be ascertained by ordinary observation or inspection.

It is said that the first instruction is fatally defective under the state of the pleadings, because it authorized a recovery for the plaintiff if because of the use of unfit oil he was caused to fall upon the freight car, and such fall concurred with the jerk or jam of the train whereby

the plaintiff was caused to fall between the cars, and also authorized a recovery for the unusual and unnecessary jerk of the cars of such violence as to show a want of ordinary care in the operation of the train, if that act of negligence caused him to fall. The argument is that the allegations of plaintiff's pleadings show that he relies upon the concurrence of the two acts of negligence, to-wit, the failure to furnish him proper oil by reason of which his lantern went out and he was caused to fall to his knees, and the violent jerk or jam of the train concurring at the time he was in that position by reason of which he fell between the cars. It may be admitted that the language of the petition is possibly susceptible to this interpretation, but taking the same by its four corners and reading it as a whole, it seems reasonably clear that plaintiff charges against the defendant each of the acts of negligence, and in effect charges that each of them was the proximate cause of the fall which brought about the injuries.

It will, of course, be admitted by counsel for appellant that if it furnished to its employee unfit oil, and it was his duty at night time to go upon the top of a moving train, and by reason of the defective oil his lantern was extinguished and he was caused to fall from the train and receive an injury, he would be entitled to recover, even if there did not concur with such negligence the improper operation of the train. Likewise it must be conceded that even if there had been no charge or evidence of unfit or improper oil, and the plaintiff in the discharge of his duties had by a violent and unusual jerk or jam of the train which evidenced improper operation been thrown from the top of cars, he might recover wholly apart from the negligence as to the improper or unfit oil.

So that giving to the plaintiff's petition a practical meaning, notwithstanding its apparently hasty preparation, it is equivalent to alleging two separate and distinct causes of action by alleging two separate and distinct acts of negligence, each of which was or might have been the proximate cause of his injury.

There may be two proximate causes of the same accident, and those two proximate causes may separately result from two distinct acts of negligence, and if each of the acts of negligence are chargeable against the same defendant, he is liable for the resulting injury, if

either of them is established. Under the evidence in this case the jury may have attributed the injury either to the defective oil which caused the lantern to go out and the plaintiff to fall, or solely to the violent jerk or jam of the train, or to their combined effect concurring at the time. Both acts of negligence were those of defendant, and if their combined effect was the proximate cause of the injury the defendant is liable; if on the contrary the violent jerk or jam alone caused the defendant to be thrown from the car that act of negligence was the proximate cause, and defendant was liable for that.

Where an injury results from two concurring causes, each the result of negligence upon the part of a separate defendant, if the evidence authorizes it, the question may be left to the jury to determine which defendant was liable for the injury, or more accurately whose negligence was the proximate cause. But where two separate and distinct acts of negligence by the same defendant, concurrently operating upon each other, bring about the injury, certainly the defendant is liable, and is equally liable if either of his acts of negligence, separate and distinct from the other, is the proximate cause.

The effect of the first instruction of which such complaint is made is merely to authorize the jury to find a verdict for the plaintiff if the two separate acts of negligence of defendant alleged concurred to bring about his injury, or if one of those acts separate and distinct from the other itself brought about the injury.

As clearly and accurately said by Thompson on Negligence, vol 7, section 161: ''Where several causes of injury are stated in the complaint, it is the function of the jury to determine whether one or all of the facts viewed jointly or severally, was the proximate cause of the injury complained of; and it is error to grant a nonsuit on failure to prove that any one of them was the proximate cause of the injury. Again, where the negligence of two parties has contributed to an injury, it is for the jury to say whether it was the negligence of the one or the other that was the proximate cause of the injury.''

Whether it took both of the alleged negligent acts concurring together to bring about this injury, or whether either one of those negligent acts separately

brought it about is immaterial so far as the right of the plaintiff to recover is concerned. There was evidence showing that defendant was guilty of each of these acts of negligence, and whether they merely caused the injury by their concurrent effect, or whether one of them alone caused the injury, cannot affect the plaintiff's right to recover.

The proposition is accurately stated in the case of Hild v. St. Louis Car Co. (Mo.), 259 S. W. 838, where the court said:

> "It is not the law that plaintiff may not go to the jury upon one negligent act of defendant shown to have proximately contributed to plaintiff's injury merely because some other negligent act of defendant also contributed to the injury and the plaintiff would not have been injured without the concurrence of such other act. We cannot subscribe to the doctrine that plaintiff is not entitled to recover for one negligent act of defendant proximately contributing to plaintiff's injury because the injury would not have resulted without the concurrence of another negligent act of defendant. The injured party may recover for any negligent act directly contributing to his injury, regardless of what other negligent act may contribute, concur, or cooperate to produce the injury."

The same idea is possibly better expressed in another Missouri case, Godfrey v. Bayne, 251 S. W. 133, as follows,

> "Here, then, we have a case in which the accident is alleged to have resulted from two causes, for each of which the defendant is alleged to be responsible. Under such circumstances, where several causes concur to produce certain results, either cause may be termed a 'proximate cause' if it is an efficient cause of the result in question. To constitute a negligent act the proximate cause of the injury it must not necessarily be the sole cause; but it is sufficient if it is the concurring cause from which such a result might reasonably have been contemplated as involving the result under the attending circumstances."

Kentucky authorities recognizing these rules in one way or another are Pugh v. C. & O. R. R. Co., 101 Ky. 77; Louisville Gas & Electric Co. v. Nall, 178 Ky. 40; Denker v. Lowe, 192 Ky. 662; Fagg v. L. & N. R. R. Co., 111 Ky. 30.

Our conclusion, therefore, after mature consideration, is that the court did not err in authorizing a recovery for the plaintiff upon the sole ground of negligent operation of the train.

There is likewise complaint of an instruction submitting the question of recovery for the aggravation, if any, of an injury previously occurring to the plaintiff. The facts are as disclosed in the evidence that the plaintiff some three or four years before the injury in question received an injury which resulted in a rupture or hernia; but the evidence for the plaintiff tended to show that he had in a large measure recovered from the effects of that injury, and that the old injury had been considerably aggravated by reason of the injury here involved. The court under these facts authorized the jury to award him such sum as would fairly compensate him for any mental and physical pain and suffering, and for the loss of earnings, if any, or the capacity to earn, if any, and expenses incurred in treatment, if any, "resulting from such aggravation of a pre-existing rupture or hernia."

There is really no complaint of the form or substance of this instruction, but it is urged that it should not have been given at all because the evidence showed overwhelmingly the previous injury. Conceding this, it is likewise true that the evidence tended to show considerable alleviation from the original injury before the happening of the last one, and that the latter had greatly aggravated the original injury.

There are other less important errors complained of which we deem it unnecessary to consider; but on a careful re-examination of the whole record we see no prejudicial error.

Judgment affirmed.